**SIX NATIONS CONFEDERACY,**
Appellant,

v.

**Cecil ANDRUS, Secretary of the
Interior et al., Appellees.**

**No. 77–1941.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 25, 1979.

Decided Nov. 30, 1979.

Rehearing Denied Jan. 4, 1980.

Robert T: Coulter, Washington, D. C., with whom Nancy Stearns, New York City, Margaret S. Treuer, and Steven M. Tullberg, Washington, D. C., were on the brief, for appellant.

Dean K. Dunsmore, Atty., Dept. of Justice, Washington, D. C., with whom James W. Moorman, Asst. Atty. Gen., and Jacques B. Gelin, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees.

Before ROBINSON and ROBB, Circuit Judges, and DAVIS, Judge, United States Court of Claims.*

Opinion PER CURIAM.

PER CURIAM:

This is an effort by a group of Indians, claiming to represent the Six Nations Confederacy, to set aside an Indian Claims Commission award in favor of that Confederacy. The basis of the present suit. is that

* Sitting by designation pursuant to 28 U.S.C. § 293(a) (1976).

the appellant was never properly apprised of the litigation before the Commission, and that the Indian Claims Commission Act, 25 U.S.C. §§ 70 *et seq.*, in allowing that litigation to proceed in appellant's absence, deprived it of constitutional rights.

The Six Nations were comprised of the Onondaga, Senaca, Mohawk, Oneida, Cayuga and Tuscarora Nations in New York and Pennsylvania. Appellant alleges that it is the historical government of the Six Nations and is the only entity entitled to bring action on behalf of that Confederacy. Nevertheless a suit under the Indian Claims Commission Act (Docket No. 84) was timely filed (in December 1950) in the Indian Claims Commission by other groups and individuals claiming to represent and on behalf of the Six Nations. That action proceeded before the Commission, allegedly without any knowledge on the part of appellant until 1974 or 1975. In 1970 the Commission found the United States liable with respect to certain of the lands involved in Docket No. 84, and in December 1973 a monetary award was made. This was duly reported to Congress which appropriated the money in December 1974, 88 Stat. 1771, 1782; the award was then credited to an account in the Treasury to the credit of the plaintiffs in Docket No. 84. Sometime later, the Interior Department, pursuant to Pub.L.No.93–134, 87 Stat. 466, 25 U.S.C. §§ 1401 *et seq.* submitted to Congress a plan for the distribution of the judgment funds; not having been disapproved by either House of Congress, this plan became effective under the statute on March 4, 1977.

The present suit was then brought, in March 1977, by appellant in the District Court for the District of Columbia to enjoin the Secretary of the Interior from distributing the funds and also for a declaratory judgment that the Indian Claims Commission Act was constitutionally invalid in permitting the Commission to enter the judgment in Docket No. 84.[1] The defendants were the Secretary of the Interior and the members of the Indian Claims Commission.

The District Court denied a preliminary injunction and dismissed the action as failing to state a claim. The court's basic position was that the reporting to Congress (in March 1974) of the Commission's judgment in Docket No. 84 had the effect, under 25 U.S.C. § 70u, *infra*, of making the Commission's judgment a final judgment of the Court of Claims which the District Court could not set aside. This appeal is taken from that decision of the District Court.

When Congress enacted the Indian Claims Commission Act in 1946 it created a special tribunal to try pre-1946 Indian claims filed under that statute, and it also provided a specific method of review. Act of Aug. 13, 1946, 60 Stat. 1049. 25 U.S.C. §§ 70 *et seq.* A quasi-judicial tribunal, the Indian Claims Commission, was to entertain and try those cases; appeal from the Commission's decisions was to the United States Court of Claims, with further review on certiorari to the Supreme Court. 25 U.S.C. § 70s. The district courts and the court of appeals were given no role.[2]

In addition, the Claims Commission Act required the Commission, "after the proceedings have been finally concluded," to report its determination (including any judicial review) to Congress, 25 U.S.C. § 70t, and provided that the final report "shall have the effect of a final judgment of the

---

1. Appellant asserted, not only a right to participate in the distribution of the judgment money, but also that the parties purporting to represent the Six Nations in Docket No. 84 had improperly restricted that claim only to three of the 21 treaties under which the petition in that proceeding had alleged that the United States failed to fulfill its obligations. Appellant· was also concerned that distribution of the award might preclude a subsequent claim by appellant that it still retained title to and an interest in a large amount of land in New York. *See* 25 U.S.C. § 70u, *infra.*

2. Instead, the Court of Claims was given "exclusive jurisdiction to affirm, modify, or set aside" a Commission determination. 25 U.S.C. § 70s.

Court of Claims," 25 U.S.C. § 70u. Payment of the final award was thereupon to be appropriated, and "[t]he payment of any claim, after its determination in accordance with this chapter [Act], shall be a full discharge of the United States of all claims and demands touching any of the matters involved in the controversy." *Ibid.*

As of September 30, 1978, Congress dissolved the Indian Claims Commission, and transferred its undecided cases to the Court of Claims. Act of Oct. 8, 1976, Pub.L.No. 94–465, 90 Stat. 1990, as amended by the Act of July 20, 1977, Pub.L.No.95–69, 91 Stat. 273. The Commission is therefore no longer in existence, though it was still viable when the District Court's judgment below was entered on July 12, 1977.

■ Whatever may have been the situation if the Commission had been dissolved before appellant found out about the proceedings in Docket No. 84, we are satisfied that, having discovered those proceedings no later than 1975,[3] at a time when the Commission was still alive and active, appellant's only remedy was to seek to intervene in that case before the Commission and if unsuccessful there to appeal to the Court of Claims. (It is noteworthy that the Commission was still in existence even when the present suit was brought in the District Court in March 1977.)

■ Because Congress enacted a special and exclusive system for determination of claims under the Indian Claims Commission Act, appellant could not choose for itself another avenue of relief. Congress had selected the route which had to be followed. It makes no difference that appellant raises constitutional issues. The Commission could consider those, and if it did not the Court of Claims—which is an Article III court, *see Glidden v. Zdanok,* 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962)—certainly could do so on appeal. If that court agreed with appellant, and found no impediment to redress, it could set aside the Commission's determination in No. 84. *Cf., Western Shoshone Legal Defense and Education Ass'n v. United States,* 209 Ct.Cl. 43, 531 F.2d 495, *cert. denied,* 429 U.S. 885, 97 S.Ct. 236, 50 L.Ed.2d 166 (1976).[4]

It follows that the District Court correctly denied a preliminary injunction and dismissed this action, even if we assume *arguendo* that there was technical federal-question jurisdiction.[5]

*Affirmed.*

---

3. On appellant's own presentation, there is no doubt that it heard about Docket No. 84 no later than the middle of 1975. Chief Leon Shenandoah, Fire Keeper or head of appellant, testified below that he received formal notice of the award in Docket No. 84 and of a hearing to be held concerning disposition of the award on July 23, 1975. There was further correspondence and meetings with representatives of the Interior Department, but appellant never participated in the further proceedings in Docket No. 84. In 1974 Chief Shenandoah (and another chief, secretary of the appellant) informally learned of the existence of Docket No. 84 and wrote (on March 23, 1974) to President Nixon, saying that that claim had not been authorized by appellant.

4. The Court of Claims indicated in *Andrade v. United States,* 202 Ct.Cl. 988, 994–96, 485 F.2d 660, 663–64 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974), that in proper circumstances it might also entertain an "independent action" (under that court's analogue of Rule 60(b), F.R.Civ.P.) to set aside a Commission judgment.

5. Also, we need not determine whether this action is now moot as to the five members of the Indian Claims Commission in view of the Commission's dissolution on September 30, 1978. In any event, the Secretary of the Interior remains in the case.