The OGLALA SIOUX TRIBE OF the PINE RIDGE INDIAN RESERVATION, Appellant,

v.

UNITED STATES of America; Cecil D. Andrus, in his official capacity as Secretary of the Interior; Bob Bergland, in his official capacity as Secretary of Agriculture; Curtis S. McKee; and State of South Dakota, Appellees.

No. 80–1878.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1981.

Decided June 1, 1981.

Rehearing and Rehearing En Banc Denied Aug. 5, 1981.

Mario Gonzalez, Pine Ridge, S. D., Russel L. Barsh, Seattle, Wash., for appellant.

Robert T. Coulter, Steven M. Tullberg, Curtis Berkey, Indian Law Resource Center, Washington, D.C., for amicus curiae.

Terry L. Pechota, U. S. Atty., Jeffrey L. Viken, Ted L. McBride, Asst. U. S. Attys., Sioux Falls, S. D., for United States.

Mark V. Meierhenry, Atty. Gen., Dennis R. Holmes, Asst. Atty. Gen., State Capitol, Pierre, S. D., for State appellee.

William T. Finley, Jr., William C. Lieblich, David F. B. Smith, Thomas S. Warrick, Terence J. Keeney, Washington, D. C., for Curtis S. McKee, appellee.

Before GIBSON, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

The Oglala Sioux Tribe of the Pine Ridge Indian Reservation (the Oglala Tribe) brought this action against the United States and the State of South Dakota[1] to quiet title to the Black Hills of South Dakota, alleging an unconstitutional taking under the fifth amendment. The district court[2] dismissed the suit for lack of jurisdiction. The Oglala Tribe now appeals from that judgment. We conclude that Congress, by enacting the Indian Claims Commission Act, established the exclusive remedy for the Oglala's claim under the fifth amendment. Thus, the district court did not have jurisdiction to entertain the suit. We therefore affirm the dismissal.

## I. *Background.*

In *United States v. Sioux Nation of Indians*, 448 U.S. 371, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (*Sioux Nation*), Justice Blackmun detailed the factual setting and chronology of the century-old controversy between the United States and the Sioux Nation over the Black Hills. The complaint in this action refers to the historical facts as related in *Sioux Nation*.

In the Fort Laramie Treaty of April 29, 1868, 15 Stat. 635, the United States promised the Sioux Nation[3] that the Great Sioux Reservation, including the Black Hills, would be "set apart for the absolute and undisturbed use and occupation of the Indians herein named[.]" 15 Stat. at 636. The Fort Laramie Treaty also provided:

> No treaty for the cession of any portion or part of the reservation herein described which may be held in common shall be of any validity or force as against the said Indians, unless executed and signed by at least three fourths of all the adult male Indians, occupying or interested in the same[.] [15 Stat. at 639.]

Within a decade, however, the United States abandoned its treaty obligation with

---

1. The Oglala Tribe also named as defendants the Secretaries of Agriculture and the Interior, several South Dakota counties and municipalities, and various individual and corporate record owners of the Black Hills.

2. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska, sitting by designation.

3. The Sioux Nation consists of approximately six to nine tribes in the Black Hills area. The Oglala Tribe is recognized as a major tribe of the Sioux Nation.

the Sioux Nation by passing the Act of February 28, 1877, 19 Stat. 254. That Act abrogated the Fort Laramie Treaty and ratified an agreement made by ten percent of the adult male Sioux population to cede the Black Hills to the United States in exchange for subsistence rations.

After nearly sixty years of litigation,[4] the Supreme Court in *Sioux Nation* held that the 1877 Act constituted an unconstitutional taking under the just compensation clause of the fifth amendment and affirmed the Indian Claims Commission's award of $17.1 million, plus interest at the annual rate of five percent, dating from 1877.

On July 18, 1980, the Oglala Tribe filed the present action, alleging that the United States, in taking the Black Hills in 1877, unconstitutionally exercised its power of eminent domain. The complaint asserted that the 1877 taking violated the fifth amendment in that the land was taken for a private rather than a public purpose.[5] The Oglala Tribe premised the district court's jurisdiction on 28 U.S.C. §§ 1346(a)(2), 1362, 2409a and 1331(a). The Oglala's complaint sought restoration of the Tribe's territorial rights to the Black Hills,

as well as damages resulting from waste, severance of minerals, and wrongful exclusion from the territory. The Oglala also moved for a temporary restraining order to prevent the United States from tendering payment to the Oglala Tribe of any part of the *Sioux Nation* award.[6]

On the appellees' motion,[7] the district court dismissed the complaint against the United States for lack of jurisdiction, concluding that none of the statutes relied upon by Oglala waived the sovereign immunity of the United States. The court then dismissed the action against the remaining defendants, concluding that the United States was an indispensable party.

## II. *Discussion.*

█ We agree that the district court properly dismissed this action for lack of jurisdiction. We conclude that Congress has deprived the district court of subject matter jurisdiction by expressly providing an exclusive remedy for the alleged wrongful taking through the enactment of the Indian Claims Commission Act, 60 Stat. 1049, 25 U.S.C. § 70 *et seq.* (1976). This express action of Congress serves as a bar

---

4. In 1923, the Sioux Nation filed a petition with the Court of Claims. The court determined that the just compensation clause of the fifth amendment did not support the Sioux' claim. *See Sioux Tribe of Indians v. United States*, 97 Ct.Cl. 613 (1942), *cert. denied*, 318 U.S. 789, 63 S.Ct. 992, 87 L.Ed. 1155 (1943). In 1950, the Sioux submitted their Black Hills claim to the Indian Claims Commission, established by Congress in 1946 to adjudicate Indian treaty claims accruing before 1946. *See* Indian Claims Commission Act, 60 Stat. 1049, 25 U.S.C. § 70 *et seq.* (1976). The Commission awarded the Sioux just compensation under the fifth amendment. *See Sioux Nation of Indians v. United States*, 33 Ind.Cl.Comm'n 151 (1974). The Court of Claims reversed, holding that its previous decision barred a relitigation of the fifth amendment just compensation claim. *See United States v. Sioux Nation of Indians*, 207 Ct.Cl. 234, 518 F.2d 1298 (1975). After Congress passed a statute removing the defense of res judicata to this action, *see* Pub.L. 95–243, 92 Stat. 153, amending § 20(b) of the Indian Claims Commission Act, 25 U.S.C. § 70s(b) (Supp. II 1978), the Court of Claims affirmed the Commission's award. *See Sioux Nation of*

*Indians v. United States*, 601 F.2d 1157 (Ct.Cl. 1979), *aff'd*, 448 U.S. 371, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980).

5. In alleging a fifth amendment violation, the appellant's complaint also asserted that the territory seized was not subject to the laws of the United States at the time of the taking; the Oglala Tribe was not afforded due process of law to contest the constitutionality of the taking or the adequacy of the compensation; and no compensation has been paid for the taking.

6. The Oglala Tribe contends that counsel for the Sioux Nation did not receive authority from the Tribe to appeal on the Oglala's behalf and therefore the decision in *Sioux Nation* does not bar the present action.

7. The appellees requested the dismissal for lack of jurisdiction, contending that (1) none of the statutes relied upon by Oglala provided the requisite waiver of the sovereign immunity of the United States; and (2) Congress established an exclusive remedy for this type of claim under the Indian Claims Commission Act.

to the district court affording the Tribe any other form of relief.[8]

For the purpose of this appeal, we assume an implied right of action under the fifth amendment for the alleged wrongful taking. In *United States v. Lee*, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882), the Supreme Court recognized a private cause of action under the fifth amendment to repossess land purchased by the United States at an allegedly fraudulent tax sale.[9] *See also Jacobs v. United States*, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142 (1933) (allowing suit for just compensation directly under the fifth amendment).

■ An implied cause of action under the Constitution may be defeated, however, by a showing that

Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective, *Bivens*. [403 U.S. 388,] 397 [91 S.Ct. 1999, 2005, 29 L.Ed.2d 619] [1971]; *Davis v. Passman*, 442 U.S. [228,] 245–247 [99 S.Ct. 2264, 2277–78, 60 L.Ed.2d 846] [1979]. [*Carlson v. Green*, 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–72, 64 L.Ed.2d 15 (1980) (emphasis in original).]

As recognized by the district court, the Indian Claims Commission Act constitutes such an exclusive remedy.

In 1946, Congress established the Indian Claims Commission to hear all Indian claims accruing before 1946, including "claims in law or equity arising under the Constitution[.]" 25 U.S.C. § 70a(1)(1976). Section 70k of the Act specifically provides:

The Commission shall receive claims for a period of five years after August 13, 1946, and no claim existing before such date but not presented within such period may thereafter be submitted to any court or administrative agency for consideration, nor will such claim thereafter be entertained by the Congress. [25 U.S.C. § 70k.]

This precise statutory language reflects Congress' intention to provide a one-time, exclusive forum for the resolution of Indian treaty claims.[10] *See Temoak Band of Western Shoshone Indians, Nevada v. United States*, 593 F.2d 994, 998 (Ct.Cl.1979); *Six Nations Confederacy v. Andrus*, 610 F.2d 996, 998 (D.C.Cir.1979).

We conclude that the Oglala's cause of action, as an Indian claim accruing before 1946 and arising under the constitution, comes within this exclusive jurisdiction of the Indian Claims Commission.[11] Accord-

---

**8.** In light of this holding, we need not consider appellant's contentions that §§ 1362, 2409a and 1331(a) of Title 28 provide the requisite waiver of sovereign immunity; that actions under the fifth amendment do not require an express waiver of sovereign immunity; and that the United States is not an indispensable party. We also do not consider appellees' contentions that the doctrines of res judicata, collateral estoppel, and laches bar the present action.

**9.** In *Lee*, no statutory remedy for just compensation was available to the plaintiff. *See Malone v. Bowdoin*, 369 U.S. 643, 647 n.8, 82 S.Ct. 980, 983 n.8, 8 L.Ed.2d 168 (1962); *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 697 n.17, 69 S.Ct. 1457, 1465 n.17, 93 L.Ed. 1628 (1949) (both cases explaining *Lee*'s rationale as the absence of any remedy for just compensation).

The Supreme Court in recent years has not considered *Lee*'s holding that a cause of action to quiet title may be brought directly under the fifth amendment. Its rationale, however, has been cited with approval. *See United States v. Clarke*, 445 U.S. 253, 255–56 n.2, 100 S.Ct.

1127, 1129 n.2, 63 L.Ed.2d 373 (1980); *Butz v. Economou*, 438 U.S. 478, 490–91, 98 S.Ct. 2894, 2902–03, 57 L.Ed.2d 895 (1978); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 394–95, 91 S.Ct. 1999, 2003–04, 29 L.Ed.2d 619 (1971).

**10.** On September 30, 1978, the Indian Claims Commission was dissolved and its undecided cases were transferred to the Court of Claims. Act of October 8, 1976, Pub.L.No. 94–465, 90 Stat. 1990, *as amended by* the Act of July 20, 1977, Pub.L.No. 95–69, 91 Stat. 273.

**11.** The Indian Claims Commission confined its jurisdiction, however, to claims for money damages. *See Osage Nation of Indians v. United States*, 1 Ind.Cl.Comm'n 54 (1948), *rev'd on other grounds*, 119 Ct.Cl. 592, 97 F.Supp. 381, *cert. denied*, 342 U.S. 896, 72 S.Ct. 230, 96 L.Ed. 672 (1951). The Oglala Tribe now contends that Congress cannot constitutionally limit the Oglala's remedy to money damages for an unconstitutional taking under the fifth amendment. We must reject this contention as the Indian Claims Commission Act provided an

ingly, the district court correctly held that it lacked jurisdiction over Oglala's claim. We affirm.

effective remedy for Oglala's constitutional claim. *See generally Carlson v. Green, supra,* 446 U.S. at 18–19, 100 S.Ct. at 1471–72.