JACOBS ET AL. *v.* UNITED STATES.

No. 15.  Argued October 13, 1933.—Decided November 6, 1933.

*Mr. Charles C. Moore* for petitioners.

*Solicitor General Biggs,* with whom *Assistant Attorney General Wideman* and *Messrs. William W. Scott* and *W. S. Ward* were on the brief, for the United States.

14

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner Jacobs and the testator of petitioner Gunter owned farms lying along Jones Creek, a tributary of the Tennessee River, in Jackson County, Alabama. Across this river the United States constructed Widow's Bar Dam under authority of Acts of Congress, 39 Stat. 399; 40 Stat. 1282. Surveys by the Government showed that the construction of the dam caused an increase in the occasional overflows of petitioners' lands and negotiations followed for the purchase of easements of flowage. Offers of settlement being deemed to be inadequate, petitioners brought separate suits under the Tucker Act, 28 U.S.C., § 41 (20), to recover compensation for the property taken. The Circuit Court of Appeals, reversing the judgment of the District Court in the suit of Jacobs, held that he was entitled to compensation. 45 F. (2d) 34. Thereupon, the two suits were consolidated and petitioners had judgment. The District Court found that they were entitled to the amount of damage caused by the construction of the dam as of the date of its completion (October 1, 1925), "together with interest thereon at 6 per cent. from the date of said taking until now as just compensation under the Fifth Amendment to the Constitution of the United

States." On appeal by the Government the Circuit Court of Appeals held that interest was not recoverable. 63 F. (2d) 326. This Court granted certiorari. 289 U.S. 719.

The only question before us is as to the right to the item of interest. The Government contemplated the flowage of the lands, that damage would result therefrom, and that compensation would be payable. A servitude was created by reason of intermittent overflows which impaired the use of the lands for agricultural purposes. 45 F.-(2d) p. 37; 63 F. (2d) p. 327. There was thus a partial taking of the lands for which the Government was bound to make just compensation under the Fifth Amendment. United States v. Cress, 243 U.S. 316, 327–329; United States v. Lynah, 188 U.S. 445, 470; Hurley v. Kincaid, 285 U.S. 95, 104. The Circuit Court of Appeals, distinguishing the present suits from condemnation proceedings instituted by the Government, held that the suits were founded upon an implied contract and hence that interest could not be allowed, citing United States v. North American Co., 253 U.S. 330.

This ruling cannot be sustained. The suits were based on the right to recover just compensation for property taken by the United States for public use in the exercise of its power of eminent domain. That right was guaranteed by the Constitution. The fact that condemnation proceedings were not instituted and that the right was asserted in suits by the owners did not change the essential nature of the claim. The form of the remedy did not qualify the right. It rested upon the Fifth Amendment. Statutory recognition was not necessary. A promise to pay was not necessary. Such a promise was implied because of the duty to pay imposed by the Amendment. The suits were thus founded upon the Constitution of the United States. 28 U.S.C. 41 (20).

The amount recoverable was just compensation, not inadequate compensation. The concept of just compensa-

tion is comprehensive and includes all elements, " and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation." The owner is not limited to the value of the property at the time of the taking; " he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking." Interest at a proper rate " is a good measure by which to ascertain the amount so to be added." *Seaboard Air Line R. Co.* v. *United States,* 261 U.S. 299, 306. That suit was brought by the owner under § 10 of the Lever Act, which, in authorizing the President to requisition property for public use and to pay just compensation, said nothing as to interest. But the Court held that the right to just compensation could not be taken away by statute or be qualified by the omission of a provision for interest where such an allowance was appropriate in order to make the compensation adequate. See, also, *United States* v. *Rogers,* 255 U.S. 163, 169.

The principle was restated in *Phelps* v. *United States,* 274 U.S. 341. There the suit was brought in the Court of Claims, and that court gave judgment for the value of the property as it was found to be at the time of the requisition. Plaintiffs insisted that they were entitled to an additional amount to produce the equivalent of the value of the property " paid contemporaneously " and that, for this purpose, interest as a reasonable measure should be allowed. This Court sustained the claim. The Court held that judgment in 1926 for the value of the use of the property in 1918 or 1919, without more, was not sufficient to constitute just compensation; that the claim was not for " interest " within the meaning of § 177 of the Judicial Code (28 U.S.C. 284) and that that provision did not preclude the recovery of the additional amount asked. To the same effect are *Brooks-Scanlon Corp.* v. *United States,*

265 U.S. 106, 123; *Liggett & Myers Co.* v. *United States,* 274 U.S. 215.

The case of *United States* v. *North American Co., supra,* cannot be regarded as establishing a different rule for the instant case. See *Seaboard Air Line R. Co.* v. *United States, supra,* p. 305; *Phelps* v. *United States, supra,* pp. 343, 344. The *North American* case rested upon its special facts. There the original taking was tortious and created no liability on the part of the Government. Subsequent action was held to create a liability which rested upon an implied contract. The Court said that the suit was not founded upon the Fifth Amendment. 253 U.S. pp. 334, 335. Suits brought to enforce the constitutional right to just compensation are governed by the later decisions which are directly in point.

The judgment of the Circuit Court of Appeals is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*