41 F.Supp. 809 (1941)
UNITED STATES
v.
CERTAIN LAND IN CITY OF ST. LOUIS, MO., et al.
No. 12260.
District Court, E. D. Missouri, E. D.
October 22, 1941.
*810 Harry C. Blanton, U. S. Atty., of St. Louis, Mo., for plaintiff.
*811 Harry Richards and Maurice P. Phillips, both of St. Louis, Mo., for defendants.
COLLET, District Judge.
The question presented is whether the owner of property condemned under authority of Section 258a, Title 40, U.S.C. A., is entitled to interest upon that part of the compensation finally awarded which had been previously paid into Court contemporaneously with the filing of the declaration of taking, but withheld from the owner by order of the Court made upon the request of the Government.
The facts are simple. The Government took the land for a proper purpose by proper proceedings. Barnidge v. United States, 8 Cir., 101 F.2d 295. A declaration of taking was filed pursuant to Section 258a, Title 40, U.S.C.A. With the declaration of taking the Government deposited in the registry of the Court the sum of $35,125 as the estimated fair value of the property taken. Thereupon the Court entered a judgment vesting the fee-simple title in the Government and fixing August 15, 1939, for delivery of possession to the Government. Later this date was extended to November 1, 1939. The Collector of Revenue for the City of St. Louis filed a motion asserting a lien upon the funds in the registry of the Court for taxes due. The owners filed their motion for distribution of all of the deposit to them. On September 7, 1939, the Collector's motion was sustained in part. United States v. Certain Lands in City of St. Louis, D.C., 29 F.Supp. 92. Thereafter, on September 11, 1939, the owners' motion was submitted. September 15, 1939, an order was entered directing that $25,369.38 be paid to the owners, $1,299.14 be retained for the payment of taxes pursuant to the memorandum opinion (29 F. Supp. 92), and the additional sum of $8,456.48 be retained in the registry of the Court. The parties in all of these cases accepted the judgment of the Court relative to taxes and stipulated that the taxes due, computed in accordance with the memorandum opinion, be paid to the Collector. Exceptions having been filed to the Commissioners' award, the cause was submitted to a jury with the result that a verdict was returned fixing the value of the property involved in this case at $37,900. Whereupon a judgment was entered upon the verdict for that amount. The judgment recited the previous payment into Court of $35,125 and awarded the owners a judgment for the deficiency of $2,775 with interest on the deficiency. The owners then filed the present motion seeking a modification of the judgment with respect to interest, claiming that the judgment should allow interest on the "additional" amount retained $8,456.48, as well as on the deficiency of $2,775.
It will be observed that $8,456.48 is twenty-five per cent of $35,125 after the $1,299.14 retained for taxes is deducted. This twenty-five per cent was retained at the instance of the Government to protect the Government against the contingency of obtaining a verdict for less than $35,125 and being unable to collect back the difference between the judgment and the amount deposited.[1] Similar orders were made indiscriminately in all of the many cases of this character and was not the result of any suggested insolvency of the parties involved in the present action.
The Statute upon which these proceedings were maintained provides, sec. 258a, Title 40, U.S.C.A.:
"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, *812 interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. No sum so paid into the court shall be charged with commissions or poundage.
"Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency.
"Upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."
The Fifth Amendment to the Federal Constitution guarantees to property owners full compensation for property taken for public use. That the full compensation guaranteed by the Constitution includes interest on the just compensation finally awarded when all or a portion thereof is withheld after the taking is no longer an open question. That full compensation includes the value of the use of the property after the taking and prior to payment therefor. Seaboard Air Line Railway Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; Phelps v. United States, 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083; Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142, 96 A.L.R. 1; United States v. Creek Nation, 295 U.S. 103, loc. cit. 111, 55 S. Ct. 681, 79 L.Ed. 1331; Shoshone Tribe v. United States, 299 U.S. 476, loc. cit. 497, 57 S.Ct. 244, 81 L.Ed. 360. But interest as such is not added to value at the time of taking in order to arrive at just compensation subsequently ascertained and paid. Interest is merely the equivalent of the value of a portion of the property taken, in this instance the value of the use of the property at the time it was taken. United States v. Klamath & Moadoc Tribes of Indians, 304 U.S. 119, loc. cit. 123, 58 S.Ct. 799, 82 L.Ed. 1219. If the full value is paid at the time of taking, the owner has the use of the money in lieu of the property and no right to further compensation exists. But since interest is allowed, not as interest, but as the equivalent of the value of the use of the property or its money substitute, the interest allowed should be shown to be the equivalent of the value of that use.
Tacitly conceding the foregoing, the Government advances several arguments in support of the present judgment.
First, the Government contends that since no exception was taken to the order of the Court retaining in the registry of the Court twenty-five per cent of the amount deposited, it is now too late for the present complaint.
Assuming, without determining the question, that no exception was taken to the order denying the property owners' motion for distribution to them of $8,456.48 of the deposit and that a formal exception was necessary to a subsequent complaint concerning that order, still that omission will not prevent consideration of the present motion. The present motion specifically raises the question of the propriety of the interest allowance contained in the judgment. The motion was filed immediately after the judgment was entered. It does not renew the property owners' complaint that the earlier order deprived them of the immediate use of $8,456.48 of their property, but seeks a modification of the judgment to the end that they be compensated for the loss of the use of the property taken from the date of the taking to the date of payment. The ultimate allowance of interest on the retained sum in the event the owners were eventually found to be entitled to it was not determined by the order of retention. A failure to except to an order which deprives the owner of property condemned of a portion of the fund deposited as the estimated fair value of the property, does not preclude the property owners from later objecting to a judgment which does not include interest on the retained amount subsequently found to be due the owners as part of their full compensation for the property taken.
It is the further contention of the Government that in the absence of *813 contract or statute evincing a contrary intention, interest does not run upon claims against the Government even though there has been default in the payment of the principal. That, therefore, the Declaration of Taking Act, Title 40, U.S.C.A. § 258a, furnishes the exclusive authority for the allowance of interest, and since it provides that: "Interest shall not be allowed on so much thereof [the just compensation awarded] as shall have been paid into the court * * *", no interest may be awarded on that part of the fund paid into Court. That interest will not ordinarily be allowed on claims against the Government in the absence of specific statutory direction has been the established rule. Tillson v. United States, 100 U.S. 43, 25 L.Ed. 543; Smyth v. United States, 302 U.S. 329, loc. cit. 353, 58 S.Ct. 248, 82 L.Ed. 294, 114 A.L.R. 807.
But, as heretofore noted, interest is not allowed in eminent domain proceedings as "interest" but as part of the full compensation guaranteed by the Constitution. "The allowance of interest in eminent domain cases is only an apparent exception, which has its origin in the Constitution". (Italics supplied.) Smyth v. United States, supra, 302 U.S. loc. cit. 353, 58 S.Ct. loc. cit. 252, 82 L.Ed. 294, 114 A.L.R. 807.
The property owners' right to full compensation, having its source of origin in the Constitution, the statute in so far as it deals with the payment of interest as compensation must be harmonized with the constitutional requirements if at all possible An analysis of the Declaration of Taking Act, supra,[2] discloses no conflict with the previously declared requirements of the Constitution.
The Act provides that upon the filing of the declaration of taking, and the deposit in Court to the use of the persons entitled thereto of the estimated just compensation, title to the estate condemned shall vest in the United States and the right to just compensation shall vest in the owners of the estate taken. The Act then provides that the judgment shall include "as part of the just compensation awarded", interest on the amount finally awarded as of the date of taking. Then follows the provision heretofore referred to providing that no interest shall be allowed on so much of the just compensation as shall have been paid into Court.
These provisions clearly indicate a Congressional intent that property owners who receive the money equivalent of their property at the time the property is taken for public use shall be awarded no interest in the final judgment on the amount previously paid them or into Court for them. It seems equally clear that Congress intended also that the property owner should be awarded interest at six per cent on so much of the just compensation as had not been received or tendered at the time of taking. Whether Congress had the power to substitute interest at six per cent for that part of the full compensation represented by the value of the use of the property from the date of taking until the date compensation was made need not now be determined.
But the Government asserts that the subsequent provision of the Act giving the Court discretionary power to order that the money deposited or any part thereof be paid forthwith to the interested parties on their application[3] constitutes a Congressional authorization to the Court to withhold a portion of the fund deposited without the allowance of interest thereon to the parties found to be entitled thereto. The Act should be so construed, with the qualification, however, that the Court shall exercise that discretionary power to the end that the property owners do not receive more than the full compensation guaranteed by the Constitution. The statute should not be construed to authorize the Court to deprive the owner of any part of that full compensation. Otherwise stated, the discretionary power of the Court conferred by statute may not be used to take away any part of the full compensation which the Constitution guarantees.
The further argument is advanced that the Court did not represent the Government in making the order retaining twenty-five per cent of the deposit; that the payment into Court was for the use and benefit of the owners and, in so far as the Government was concerned, constituted payment to the property owners, and therefore the Government having discharged its entire responsibility to the property owners, should not be required to compensate them for the loss *814 of the use of the property represented by the retained deposit.
The Court does not represent the Government in making orders of distribution in eminent domain proceedings. And payment into Court for the benefit of the property owner is usually treated as payment to him. United States v. Dunnington, 146 U.S. 338, loc.cit. 350, 13 S.Ct. 79, 36 L.Ed. 996. But the facts in the present case do not permit the unqualified application of those established rules. In the case cited the payment into Court was unqualified and actually for the use and benefit of the owners. The owners of a remainder interest did not intervene and the Court distributed all of the fund to the owners of a life estate. The Government fully complied with the statute in paying the money into Court and was relieved of any further responsibility. In the present case the Government paid the estimated compensation into Court and then successfully resisted the distribution of a portion of it to the property owners. The grounds upon which distribution of the entire fund were resisted, i. e. that the Government be protected in the event final judgments were for less than the amount paid into Court and the property owners were unable to return the deficiency, were entirely proper and furnished adequate justification for the exercise of the Court's discretion in complying with the Government's demand. But after the benefit which the Government sought has been realized and enjoyed it cannot logically maintain the position that the payment by the Government of the loss of that part of the full compensation occasioned by the Government's gain cannot be justified. The property owners are entitled to full compensation. That has been denied them at the instance of the Government and for the Government's benefit. The judgment will be modified to provide for interest on the retained amount.
The record discloses that the property owners involved in this motion were left in possession until November 1, 1939, and thereafter an order was made fixing the rent to be paid to the Government for the occupancy of the premises after November 1, 1939. The declaration of taking was filed June 15, 1939. To allow interest from June 15, 1939, would result in the owners having the use of the premises from that date until November 1, 1939, and also compensation for the loss of its use. Interest will therefore be allowed from November 1, 1939.
Since no question is raised concerning the propriety of the rate of interest which the motion seeks to have allowed, or that interest at six per cent per annum would not be fairly compensatory for the loss of the use of the movant's property, that rate will be applied. If there should be any dispute about this question, the parties will be given an opportunity to present evidence on the subject.
NOTES
[1] In a companion case (No. 12260, Parcel 9) in the Government's brief which was filed in connection with the property owner's application for distribution of the entire deposit, is found the following language: "Since the award is liable to be reduced on a trial to a sum below the amount of the deposit, the only way the Government can be protected is for the Court to withhold distribution of a reasonable part of the deposit until the amount of just compensation can be finally ascertained."
[2] Quoted in the margin.
[3] Heretofore quoted in the margin.