**UNITED STATES of America,
Plaintiff,**

v.

**1,972.17 ACRES OF LAND, MORE OR
LESS, Situate IN TEXAS COUNTY,
STATE OF OKLAHOMA, and Fred W.
Mayer, et al., Defendants.**

No. 68–314 Civ.

United States District Court,
W. D. Oklahoma.

Dec. 18, 1969.

See also, D.C., 297 F.Supp. 1137.

B. Andrew Potter, U. S. Atty., WD
Okl., David A. Kline, Asst. U. S. Atty.,
WD Okl., Frank E. McAnear, Department of Justice, Washington, D. C., for
plaintiff.

Stuart H. Russell, Oklahoma City,
Okl., for defendant Mayer.

## ORDER

DAUGHERTY, District Judge.

Plaintiff condemned certain lands of
the Defendants Mayer. The declaration
or date of taking was August 7, 1968.
The Plaintiff deposited $255,850.00 with
the Court as estimated compensation for
said lands on the date of taking. On request of Defendants Mayer, the Court
entered an order allowing said Defendants to continue in possession of the
lands being condemned until October 15,
1969. The Plaintiff did not object to
said order. No provision was made for
the payment of rent to the Government
by the landowners. Upon the trial of
the case, the jury, on November 5, 1969,
returned a verdict of just compensation
for the lands condemned in the amount
of $542,000.00.

After the jury trial, the Plaintiff
filed a Motion requesting the Court to
deny an award of interest on the deficiency, which is the difference between
the deposit above mentioned and the
jury verdict above mentioned or the
amount of $286,150.00. The Defendants
Mayer oppose the Motion. Briefs have
been presented to the Court and entry of
judgment on the said verdict awaits the
Court's decision on Plaintiff's Motion
regarding interest.

Certain statutory provisions are pertinent. 40 U.S.C. § 258a provides in part:

"* * * and the said judgment shall
include, as part of the just compensation awarded, interest at the rate of 6
per centum per annum on the amount
finally awarded as the value of the
property as of the date of taking,
from said date to the date of payment; but interest shall not be allowed on so much thereof as shall
have been paid into the court.
* * *"

And further provides:

"Upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

The Court had statutory authority to fix the time and terms upon which possession of said lands being condemned would be surrendered by the landowners. The Court also has statutory authority to make such orders in respect to charges in a condemnation case as shall be just and equitable. The Court, therefore, concludes, with reference to the payment of interest on the deficiency, that the same is chargeable against the condemnor with prime consideration being given to the date of taking as the time and terms thereof with reference to possession may be fixed by an order of the Court and under principles of justice and equity. United States v. Certain Lands in St. Louis, Mo., 41 F.Supp. 809 (E.D.Mo.1941); Morton Butler Timber Co. v. United States, 91 F.2d 884 (Sixth Cir.1937); United States v. Dow, 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1109 (1958).

To award interest on the above deficiency for a period of time when the landowners had possession of the lands being condemned by a court order and also the sum of $255,850.00 deposited by the Government and drawn down by the Defendants Mayer would be inequitable and unjust and contrary to the Congressional intent of the statutory provisions above cited. Where title to the condemned lands may reside is not controlling. United States v. Dow, supra. Even though title to the condemned lands may have vested in the condemnor as of the date of taking, the use and possession of the property was continued in the landowners to October 15, 1969, by a proper Order of the Court at their request.

The Court in its discretion, therefore, grants the Motion of Plaintiff in part and Orders that no interest be awarded on the amount of the deficiency herein prior to October 15, 1969 provided the total amount thereof is deposited in the registry of the Court on or before December 31, 1969.

It is so ordered this 18 day of December, 1969.