939 F.2d 1547
 21 Envtl. L. Rep. 21,477
 BROUGHTON LUMBER COMPANY, Plaintiff-Appellant,
v.
Clayton K. YEUTTER, Secretary of Agriculture, John
Butruille, Regional Forester of the Pacific
Northwest Region of the United States
Forest Service, Defendants-Appellees.
 No. 90-1151.
 United States Court of Appeals,
Federal Circuit.
 July 12, 1991.
 
 Michael E. Haglund, Haglund & Kirtley, Portland, Or., argued for plaintiff-appellant. With him on the brief was W.W. Kirtley.
 Jeffrey P. Kehne, Atty., Dept. of Justice, Washington, D.C., argued for defendants-appellees. With him on the brief were Richard B. Stewart, Asst. Atty. Gen., Charles H. Turner, U.S. Atty., Thomas C. Lee, Asst. U.S. Atty., Dorothy R. Burakrieis, Edward J. Shawaker and John A. Bryson, Attys. Also on the brief was Jocelyn Somers, U.S. Dept. of Agriculture, Office of Gen. Counsel, Portland, Or., of counsel.
 Before NIES, Chief Judge, MILLER, Senior Circuit Judge and ARCHER, Circuit Judge.
 NIES, Chief Judge.
 
 
 1
 Broughton Lumber Company appeals from the order of the district court, Broughton Lumber Co. v. Yeutter, Civ. No. 89-824-MA (D.Ore. August 1, 1989) (Marsh, J.), transferring its action to the United States Claims Court pursuant to 28 U.S.C. Sec. 1631 (1988). Broughton seeks to litigate a multi-million dollar claim for the taking of its property in the Oregon district court asserting jurisdiction has been provided by reason of the Columbia River Gorge National Scenic Area Act, Pub.L. No. 99-663, 100 Stat. 4274 (1986) (codified at 16 U.S.C. Secs. 544-544p (1988)) (Gorge Act), which provides for certain citizens suits against the Secretary of Agriculture in the district courts of Oregon and Washington. We hold that the Gorge Act does not authorize suit against the Secretary for the alleged taking of Broughton's water rights. We also hold that the district court does not have jurisdiction under 28 U.S.C. Sec. 1331 by reason of Broughton's assertion of a claim based on the Constitution. Accordingly, we affirm the transfer order.
 
 BACKGROUND
 
 2
 The Gorge Act was enacted into law in 1986 for the purpose of protecting and providing for the enhancement of the "scenic, cultural, recreational, and natural resources" of the Columbia River Gorge while aiming at the same time to encourage and allow for economic growth in the area consistent with protecting the scenic value of the Gorge. See 16 U.S.C. Sec. 544a (codification of the purpose of the Gorge Act); B. Blair, The Columbia River Gorge National Scenic Area: The Act, Its Genesis and Legislative History, 17 Envtl.L. 863, 933 (1987). The Columbia River Gorge straddles the states of Oregon and Washington. The Gorge Act set up a scheme providing for the creation of a bistate Columbia River Gorge Commission which is charged with principal administration of the Gorge Act. See 16 U.S.C. Sec. 544c. Pending formation of the Commission, the statute directs the Secretary of Agriculture to promulgate Interim Guidelines for administration of the Act. See 16 U.S.C. Sec. 544h(a). To help ensure compliance with the administrative provisions of the Act by these bodies, Congress included a provision authorizing citizens suits in the federal district courts of Oregon and Washington, fashioned after citizens suit provisions found in other environmental protection acts.[1] See 16 U.S.C. Sec. 544m(b).
 
 
 3
 Prior to the formation of the Commission and pursuant to statutory mandate, the U.S. Forest Service, on behalf of the Secretary, promulgated Interim Guidelines which were issued in June, 1987. These guidelines prohibited all "new industrial development" of land covered by the Gorge Act outside urban areas. Columbia River Gorge National Scenic Area Final Interim Guidelines, ch. III, part C, Sec. 8a(1) at 8. The construction of any facility primarily involved in the production of hydroelectric power for commercial purposes was specifically set out as a proscribed "industrial development". Id. at 10 (part 4 of definition of Industrial Facilities or Land Uses).
 
 
 4
 Before the enactment of the Gorge Act, Broughton had acquired ownership rights to 30 cubic foot seconds of water flow from the Little White Salmon River in Skamania County, Washington, an area covered by the Gorge Act. Broughton had planned to use those water rights to produce hydroelectric power and to that end had obtained a preliminary permit from the Federal Energy Regulatory Commission in early 1987. After issuance of the Interim Guidelines, however, the Forest Service, in November 1987, informed Broughton that its proposed hydroelectric project constituted a "new industrial development" within the proscriptions of the Interim Guidelines and thus could not be undertaken consistent with the Gorge Act. This decision effectively prevented Broughton from using its water rights to produce hydroelectric power as planned.
 
 
 5
 Broughton subsequently filed suit in federal district court in Oregon, alleging that the Interim Guidelines and the Forest Service decision deprived it of all economic use of its water rights and consequently constituted a "taking" of property under the Fifth Amendment to the United States Constitution. In that complaint, Broughton sought "damages" of "$2.5 million plus interest."
 
 
 6
 The government moved to transfer the case to the Claims Court on the basis that the Claims Court has exclusive jurisdiction under the Tucker Act, 28 U.S.C. Sec. 1491 (1988), to adjudicate Broughton's inverse condemnation "takings" claim against the United States. The district court granted the government's motion and ordered the case transferred to the Claims Court. Such orders not then being appealable, Broughton petitioned the United States Court of Appeals for the Ninth Circuit for a Writ of Mandamus to compel the district court to try the case. In 1989, the Ninth Circuit denied the writ and Broughton voluntarily dismissed its complaint before it was answered. Broughton then refiled its complaint on the identical claim in the same district court. The district court again ordered the case transferred to the Claims Court. In the interim such transfer orders had been made appealable to this court by, 28 U.S.C. Sec. 1292(d)(4)(A) (as added by Pub.L. No. 100-702, Title V, Sec. 501, 102 Stat. 4652 (1988)), which is the basis for our review.ISSUE
 
 
 7
 Whether the district court has jurisdiction to entertain Broughton's claim for compensation either under the Gorge Act or under 28 U.S.C. Sec. 1331 as a claim based on the Constitution?
 
 
 8
 * Under the doctrine of sovereign immunity, the United States is immune from suit save to the extent it consents to be sued. Library of Congress v. Shaw, 478 U.S. 310, 315, 106 S.Ct. 2957, 2962, 92 L.Ed.2d 250 (1986); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); Hart v. United States, 910 F.2d 815, 817 (Fed.Cir.1990). Resolving the question whether a party may maintain a suit against the United States in a specific court necessarily implicates inquiry into the scope of any applicable waivers of sovereign immunity. To vest a particular court with power to adjudicate a claim against the United States requires not only an identifiable waiver of sovereign immunity for the party's asserted claim against the United States, but also a waiver of sovereign immunity authorizing that party to sue the United States in that particular court. See United States v. Mottaz, 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986) (terms of waiver of sovereign immunity define the extent of the court's jurisdiction); Sherwood, 312 U.S. at 586, 588, 61 S.Ct. at 769, 770 (same); see also Far West Federal Bank, S.B. v. Office of Thrift Supervision, 930 F.2d 883, 887 (Fed.Cir.1991); Commonwealth of Massachusetts v. Departmental Grant Appeals Board, 815 F.2d 778, 781 (1st Cir.1987), vacated sub nom. Bowen v. Massachusetts, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); Van Drasek v. Lehman, 762 F.2d 1065, 1071 n. 10 (D.C.Cir.1985); Portsmouth Redevelopment & Housing Authority v. Pierce, 706 F.2d 471, 475 (4th Cir.1983); Lenoir v. Porters Creek Watershed Dist., 586 F.2d 1081, 1087 (6th Cir.1978).
 
 
 9
 The district judge in this case transferred the case to the Claims Court under 28 U.S.C. Sec. 1631, and there is no dispute that the Claims Court has jurisdiction to adjudicate Broughton's "takings" claim under 28 U.S.C. Sec. 1491. Broughton, however, seeks to have its claim adjudicated in the federal district court of Oregon, and thus presents the threshold issue whether the Claims Court's jurisdiction over Broughton's claim seeking just compensation under the "takings" clause is exclusive.
 
 
 10
 The Supreme Court recently explicated the extent to which the jurisdiction of the Claims Court over monetary claims against the United States is exclusive in Bowen v. Massachusetts, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). In Bowen, the Court upheld the jurisdiction of a federal district court under section 702 of the Administrative Procedure Act, 5 U.S.C. Sec. 702, over a suit alleging that funds were improperly withheld by a final order of the Department of Health and Human Services which refused to reimburse a State for a category of expenditures under its Medicaid program. The Court rejected the government's argument that suit had to be brought in the Claims Court, reasoning:
 
 
 11
 It is often assumed that the Claims Court has exclusive jurisdiction of Tucker Act claims for more than $10,000. [Parenthetical omitted.] That assumption is not based on any language in the Tucker Act granting such exclusive jurisdiction to the Claims Court. Rather, that Court's jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court. If, however, Sec. 702 of the APA is construed to authorize a district court to grant monetary relief--other than traditional "money damages"-- ... the fact that the purely monetary aspects of the case could have been decided in the Claims Court is not a sufficient reason to bar that aspect of the relief available in a district court.
 
 
 12
 Bowen, 487 U.S. at 910 n. 48, 108 S.Ct. at 2740-41 n. 48. Under the above precedent, the federal district court of Oregon would have concurrent jurisdiction with the Claims Court over Broughton's "takings" claim if the Gorge Act authorizes "takings" claims in that district court. See also Franchise Tax Bd. v. United States Postal Serv., 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984) (jurisdiction in district court over monetary claims exceeding $10,000 under "sue and be sued" clause in 39 U.S.C. Sec. 401(1)) and cases cited therein; Federal Housing Admin. v. Burr, 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940) (jurisdiction in state court over monetary claims exceeding $10,000 under "sue and be sued" clause in 12 U.S.C. Sec. 1702); Far West Federal Bank, S.B., 930 F.2d 883 (jurisdiction in district court over monetary claims exceeding $10,000 under "sue and be sued" clause in 12 U.S.C. Sec. 1819 (Fourth)).[2] Broughton additionally appends the argument that the district court would have jurisdiction under 28 U.S.C. Sec. 1331 without resort to the Gorge Act by reason of its claim arising under the Fifth Amendment to the Constitution.
 
 II
 Gorge Act as a Basis for Jurisdiction
 
 13
 Section 15 of the Gorge Act provides in pertinent part:
 
 
 14
 (2) Citizens suits
 
 
 15
 Any person or entity adversely affected may commence a civil action to compel compliance with sections 544 to 544p of this title--
 
 
 16
 (A) against the Secretary, the Commission or any county where there is alleged a violation of the provisions of sections 544 to 544p of this title, the management plan or any land use ordinance or interim guideline adopted or other action taken by the Secretary, the Commission, or any county pursuant to or Commission[3] [sic] under section 544 to 544p of this title; or
 
 
 17
 (B) against the Secretary, the Commission, or any county where there is alleged a failure of the Secretary, the Commission or any county to perform any act or duty under sections 544 to 544p of this title which is not discretionary with the Secretary, the Commission or any county.
 
 
 18
 * * * * * *(5) Federal court jurisdiction
 
 
 19
 The United States district courts located in the States of Oregon and Washington shall have jurisdiction over--
 
 
 20
 * * * * * *
 
 
 21
 (B) any civil action brought against the Secretary pursuant to this section; ...
 
 
 22
 16 U.S.C. Secs. 544m(b)(2), (5). Broughton asserts that its "civil action" is a citizens suit "against the Secretary," authorized by the above provisions.
 
 
 23
 The citizens suit provision, section 544m(b)(2), authorizes civil actions against the Secretary to compel compliance with the provisions of the Gorge Act in circumstances set forth in its two subsections, (A) and (B). Broughton asserts that its claim fits within both subsections. Thus, the question whether the Gorge Act authorizes the Oregon district court to hear Broughton's suit ultimately rests on construing the meaning of section 544m(b)(2) in the context of a claim for an award of just compensation under the "takings" clause, a matter of statutory interpretation. Interpreting the scope of the waiver of sovereign immunity as provided in section 15(b)(2) of the Gorge Act, we must reject Broughton's attempts to wedge a claim for an award of "just compensation" from the United States under the "takings" clause into a "civil action to compel compliance" with statutory provisions of the act as authorized by that section.
 
 
 24
 * As an initial matter, Broughton urges us to interpret the waiver of sovereign immunity provided in section 544m(b)(2) of the Gorge Act broadly, "consistent with the broad interpretation given to waiver provisions in other acts." As support, Broughton cites to a number of federal district court cases in which statutory provisions involving the scope of a waiver of sovereign immunity for suits against the United States allegedly have been "broadly interpreted." For instance, Broughton cites to Maine v. Department of Navy, 702 F.Supp. 322, 327-28 (D.Me.1988) where the district court held that 42 U.S.C. Sec. 6961 of the Resource Conservation and Recovery Act of 1976 subjected federal agencies to State "requirements" including civil penalties; Metropolitan Sanitary Dist. v. Department of Navy, 722 F.Supp. 1565, 1570 (N.D.Ill.1989), where the district court held that civil penalties were within the meaning of the term "sanctions" in the Clean Water Act; and Sierra Club v. Lujan, 728 F.Supp. 1513 (D.Colo.1990), where the district court held that the United States constitutes a "person" subject to imposition of civil penalties under section 309(d) of the Clean Water Act. We note that the government disagrees with the outcomes in each of these cases, and also asserts that the view expressed by the district court in Maine is a minority view. See United States v. Washington, 872 F.2d 874 (9th Cir.1989), aff'g 18 Envtl.L.Rep. (Envtl.L.Inst.) 20,363 (E.D.Wash.1988); McClellan Ecological Seepage Situation v. Weinberger, 655 F.Supp. 601 (E.D.Cal.1986); Meyer v. United States Coast Guard, 644 F.Supp. 221 (E.D.N.C.1986).
 
 
 25
 Whatever the merits of these cases holding that sovereign immunity had been waived, we reject the argument that such waiver should generally be liberally construed. Under the controlling precedent for this court it is well-established that waivers of sovereign immunity are to be strictly construed. See Library of Congress, 478 U.S. at 318, 106 S.Ct. at 2963; Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983); Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed.Cir.1988); Electronic Data Sys. Federal Corp. v. General Servs. Admin., 792 F.2d 1569, 1580 (Fed.Cir.1986); Getty Oil Co. v. United States, 767 F.2d 886, 889 (Fed.Cir.1985). However, inasmuch as there is an express waiver of sovereign immunity in the Gorge Act, we must be careful not to construe the scope of the waiver "unduly restrictively." Irwin v. Veterans Administration, --- U.S. ----, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), citing Bowen v. City of New York, 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986).B
 
 Section 544m(b)(2)(A)
 
 26
 Broughton first points to Section 544m(b)(2)(A) which authorizes "civil action[s] to compel compliance" with the provisions of the Gorge Act "against the Secretary" where a complaint alleges a violation of the provisions of the Act. To fit under this subsection, Broughton styles its claim for just compensation as a civil action against the Secretary seeking to compel compliance with section 10 of the Gorge Act. Section 544h gives the Secretary authority to condemn property until certain local ordinances take effect; specifically the section provides, in pertinent parts:
 
 
 27
 (a) Interim guidelines
 
 
 28
 (1) Within one hundred eighty days ... the Secretary shall develop interim guidelines ... to govern the authority to acquire land without the consent of the owner provided by subsection (b) of this section....
 
 
 29
 (b) Interim acquisition authority and injunctive relief
 
 
 30
 Prior to [the adoption of land use ordinances], the following authorities are granted:
 
 
 31
 (1) The Secretary may acquire by condemnation any land or interest which is being used or threatened to be used in a manner inconsistent with the purposes for which the scenic area was established.... Provided further, That within thirty days of the filing by the Secretary of a complaint for condemnation of any land or interest in the scenic area, ... [the Commission or, in certain circumstances, the affected state's Governor] may disapprove such proposed complaint.
 
 
 32
 (2) Upon or after the commencement of any action for condemnation pursuant to this subsection, the Secretary ... may apply ... for a temporary restraining order....
 
 
 33
 16 U.S.C. Sec. 544h.
 
 
 34
 According to Broughton, the Secretary's action in issuing Interim Guidelines which circumscribed use of its water rights is an acquisition of that property interest by the Secretary pursuant to Sec. 544h(b)(1). Thus, per Broughton, the Secretary failed to comply with the Gorge Act by not paying just compensation to Broughton for the water rights rendered valueless by the Guidelines, and Broughton may, therefore, sue in district court under the citizens suit provisions to obtain compensation.
 
 
 35
 The subsections within section 544h providing for the Secretary's interim acquisition authority delineate a comprehensive system for the acquisition of land or interests upon the affirmative decision of the Secretary, including involuntary acquisition procedures by a condemnation suit. Only limited funds were made available to the Secretary for such acquisitions. See 16 U.S.C. Sec. 544n ($10 million cap). Moreover, the Secretary's decision to acquire property may be disapproved by the Commission or, in certain circumstances, the respective Governor. Section 544h has no provision for adjudication of a claim for inverse condemnation. It clearly was not contemplated by Congress that such claims would be paid by the Secretary from the limited funds made available to him. The question here is not, of course, whether the United States must pay but whether the statute imposes a duty on the Secretary to pay Broughton's claim which Broughton can enforce in a citizens suit in Oregon district court. That is Broughton's theory for the district court's jurisdiction.
 
 
 36
 When section 544h is read in conjunction with section 544m providing for citizens suits, it becomes apparent that the citizens suit to obtain compliance with the act contemplates injunctive or mandamus type relief, not damage awards. Indeed, Broughton is not attempting to "compel compliance" with section 544h in its suit. It does not seek, for example, to compel the Secretary to file a condemnation complaint and follow the procedures of section 544h. Instead, Broughton requests the district court not only to determine that a "taking" occurred, but also to determine the monetary amount Broughton is entitled to as just compensation for the "taking" and to award damages of that amount from the coffers of the United States Treasury.
 
 
 37
 Read as a whole, we conclude, as did the district court, that Broughton's inverse condemnation claim against the Secretary for damages does not fall within the waiver provided for citizens suits "to compel [the Secretary's] compliance" with an alleged violation of section 10 of the Gorge Act.[4]
 
 C
 Section 544m(b)(2)(B)
 
 38
 We turn now to Broughton's alternative statutory ground for jurisdiction, Section 544m(b)(2)(B). Subsection (B) permits a citizens suit to compel the Secretary to perform a "duty under [the Gorge] Act which is not discretionary with the Secretary." Per Broughton, the Secretary has a non-discretionary duty to pay compensation for any "taking." This argument, however, suffers from much the same infirmities as Broughton's previous claim that its suit fits within subsection (A).
 
 
 39
 In substance, Broughton argues that the provisions in the Gorge Act which give the Secretary authority to "acquire by condemnation any land or interest" when necessary to protect the purpose of the Gorge Act, sections 544g and 544h, express a "congressional intent that it is part of the Secretary's statutory duties to provide just compensation" (emphasis added). The fallacy in this argument lies in the predicate upon which it is founded. The presence of a duty in the Secretary to pay compensation for inverse condemnations cannot be found in these Gorge Act sections.[5] As we held in part B, section 544h does not give jurisdiction to a district court to award just compensation, absent the Secretary initiating a condemnation proceeding through the Attorney General. Such a suit by the United States, of course, does not implicate sovereign immunity at all. In any event, in the absence of that predicate and an ensuing judgment from a court, the Secretary has no implicit statutory duty to provide just compensation for an involuntary "taking" of property.
 
 
 40
 The corollary argument is made that the Secretary had a nondiscretionary duty to promulgate regulations governing procedures and payment on inverse condemnation claims in the Interim Guidelines. As previously explained, however, the statutory scheme which gives the Secretary only limited power to acquire property with the concurrence of others cannot be interpreted rationally to cover inverse condemnations. Thus, the Secretary can have no duty to include within the Interim Guidelines specific provisions covering actions which may result in a "taking" by inverse condemnation.
 
 
 41
 Moreover, as with its claim that its suit fits within subsection (A), Broughton utterly fails to explain how an order to "compel compliance" with a nondiscretionary duty to promulgate regulations concerning the possibility of "takings" by inverse condemnation arising from application of the Interim Guidelines requires the district court to determine and award the amount of just compensation which Broughton requests as relief from the district court in its complaint. Compliance with the Act would require only an order directing the Secretary to promulgate appropriate regulations covering that situation.
 
 
 42
 Broughton argues that, nevertheless, the statute must be interpreted to include such nondiscretionary duties concerning the "takings" implications of the Interim Guidelines because "there is a presumption that a legislature intends a statute to be constitutional," and in the absence of a method of providing just compensation the Gorge Act would be unconstitutional. This argument, however, ignores the undisputed presence of a Tucker Act remedy under 28 U.S.C. Sec. 1491. Under Supreme Court precedent, a statute is not unconstitutional for failure to expressly provide for just compensation if its implementation results in a "taking" of property where the Tucker Act is available as a remedy. See Preseault v. Interstate Commerce Comm'n, 494 U.S. 1, 110 S.Ct. 914, 921, 108 L.Ed.2d 1 (1990) (challenge that the Trails Act is unconstitutional on its face is premature until the property owner has availed itself of the process provided by the Tucker Act); Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 697 n. 18, 69 S.Ct. 1457, 1465 n. 18, 93 L.Ed. 1628 (1949). Thus, there is no constitutional necessity for an implied requirement that the Secretary has nondiscretionary duties under the Gorge Act to award just compensation on an inverse condemnation.
 
 
 43
 Broughton's claim for just compensation for an alleged "taking" of its water rights is therefore not a citizens suit "to compel compliance" with a nondiscretionary duty assigned to the Secretary by the Gorge Act.[6]
 
 D
 
 44
 In sum, we conclude that section 544m(b)(2) cannot be interpreted to provide a waiver of sovereign immunity by which Congress consented to suit against the Secretary in the Oregon district court for Broughton's claim for just compensation resulting from an alleged inverse condemnation of its water rights.
 
 III
 Constitutional Basis for Jurisdiction
 
 45
 As an alternative position, Broughton for the first time in its reply brief raises the contention that jurisdiction in the federal district court of Oregon over its "takings" claim may properly be brought under 28 U.S.C. Sec. 1331 (1988) solely on a Constitutional "taking" claim. Section 1331 provides:
 
 
 46
 The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
 
 
 47
 28 U.S.C. Sec. 1331 (1988). Jurisdiction lies in any district court, per Broughton, even though its claim exceeds $10,000, whenever a "takings" claim is asserted because the Fifth Amendment is self-executing, i.e., provides an independent remedial right and consent to suit. The government filed a motion to strike this portion of Broughton's reply brief because of this argument's initial interjection into the case at such a late stage. While we do not generally condone or entertain arguments raised for the first time on appeal, see Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1576-77 (Fed.Cir.1991); Sebock v. Office of Personnel Management, 874 F.2d 801, 803 (Fed.Cir.1989); Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed.Cir.1985), this court sua sponte may consider all bases for the district court's jurisdiction. See Whitney Benefits, Inc. v. United States, 752 F.2d 1554, 1558 (Fed.Cir.1985); accord Magicsilk Corp. of New Jersey v. Vinson, 924 F.2d 123, 125 (7th Cir.1991); Oklahoma City Assocs. v. Wal-Mart Stores, Inc., 923 F.2d 791, 793-94 (10th Cir.1991); Kimbrough v. Bowman Transp., Inc., 920 F.2d 1578, 1581 (11th Cir.1991). Accordingly, we deny the government's motion to strike and consider the Constitutional issue, accepting also the government's supplemental memorandum filed on this issue.
 
 
 48
 We agree with Broughton that the "takings" clause in the Fifth Amendment is "self-executing" in the sense that there need be no other statutory authority for a party to assert a right to just compensation where the government action results in an acquisition of property for public use. The Supreme Court established that proposition:
 
 
 49
 [I]t has been established at least since Jacobs v. United States, 290 U.S. 13 [54 S.Ct. 26, 78 L.Ed. 142] (1933), that claims for just compensation are grounded in the Constitution itself:
 
 
 50
 "The suits were based on the right to recover just compensation for property taken by the United States for public use in the exercise of its power of eminent domain. That right was guaranteed by the Constitution. The fact that condemnation proceedings were not instituted and that the right was asserted in suits by the owners did not change the essential nature of the claim. The form of the remedy did not qualify the right. It rested upon the Fifth Amendment. Statutory recognition was not necessary. A promise to pay was not necessary. Such a promise was implied because of the duty to pay imposed by the Amendment. The suits were thus founded upon the Constitution of the United states." Id., at 16 [54 S.Ct., at 27]. (Emphasis added.)
 
 
 51
 First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 315, 107 S.Ct. 2378, 2386, 96 L.Ed.2d 250 (1987).
 
 
 52
 As a result of the "self-executing" nature of the "takings" clause, Broughton's argument may, at first, appear reasonable that as a claim founded upon the Constitution, jurisdiction has been vested in the federal district courts over "takings" claims under section 1331. The language found in section 1331, which first appeared in 1958, see Pub.L. No. 85-554, Sec. 1, 72 Stat. 415 (1958), is not the end of the matter, however, for it does not exist in a jurisdictional vacuum. Other statutes affecting a district court's jurisdiction over claims against the United States were in effect long prior to the broad grant of jurisdiction to district courts provided in section 1331, namely the Tucker Act, see Act of March 3, 1863, ch. 92, Secs. 2, 3, 12 Stat. 765 (now codified as amended at 28 U.S.C. Sec. 1491) and the Little Tucker Act, see Act of March 3, 1887, ch. 359, Sec. 2, 24 Stat. 505 (now codified at 28 U.S.C. Sec. 1346(a)(2)). Thus, whether a "takings" claim, asking for an award of just compensation from the United States, may be brought in district court pursuant to section 1331 requires recognition of the Tucker Act and Little Tucker Act and reconciling section 1331 with these statutes.
 
 
 53
 The Tucker Act and Little Tucker Act set up a jurisdictional scheme for certain claims against the United States. Under the Tucker Act, the Claims Court has jurisdiction:
 
 
 54
 [T]o render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.
 
 
 55
 28 U.S.C. Sec. 1491(a)(1). Under the Little Tucker Act, federal district courts are given, inter alia, "concurrent jurisdiction with the Claims Court" over
 
 
 56
 [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress,....
 
 
 57
 28 U.S.C. Sec. 1346(a)(2). Analyzing Broughton's "takings" claim in light of sections 1331, 1346 and 1491, we conclude that a claim based on the "takings" clause for a monetary amount exceeding $10,000 may not be brought in district court pursuant to section 1331.
 
 
 58
 Giving effect to Broughton's argument would be implicitly repealing the Little Tucker Act. Under the Little Tucker Act, a district court has jurisdiction over claims under $10,000 based on "the Constitution, or any Act of Congress." Under section 1331, on the other hand, a district court has jurisdiction over any claim without restriction as to dollar amount when based on "the Constitution, laws, or treaties of the United States." Thus, adopting Broughton's theory would have the result of permitting suit in district court on any claims founded upon the Constitution or a statute regardless of the dollar amount of relief requested, though a specific statute limits concurrent jurisdiction over claims against the United States based on the Constitution or a statute to those which do not exceed $10,000. In a related context, however, the Supreme Court in Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 71 n. 15, 98 S.Ct. 2620, 2629 n. 15, 57 L.Ed.2d 595 (1978), acknowledged, in distinguishing a suit seeking a declaratory judgment that the Price-Anderson Act was unconstitutional under the "takings" clause, that when a claim requested as relief compensation for a "taking" in excess of $10,000, that claim is "properly brought in the Court of Claims" rather than in district court under section 1331(a). Accord Hammond v. United States, 786 F.2d 8, 15 (1st Cir.1986); Hoopa Valley Tribe v. United States, 596 F.2d 435, 438-39, 219 Ct.Cl. 492 (1979).
 
 
 59
 In effect, Broughton's theory would emasculate the $10,000 limit for a claim to be brought in district court if founded upon the Constitution or a statute. This exact observation was made by then-Justice Rehnquist in his concurring opinion in Duke Power Co., 438 U.S. at 101-02 n. 4, 98 S.Ct. at 2645 n. 4:
 
 
 60
 To conclude that Sec. 1331 embraces a "taking" claim makes the Tucker Act largely superfluous, cf. United States v. Testan, 424 U.S. 392, 404 [96 S.Ct. 948, 956, 47 L.Ed.2d 114] (1976), and will permit the district courts to consider claims of over $10,000 which previously could only be litigated in the Court of Claims. [now Claims Court] Richardson v. Morris, 409 U.S. 464 [93 S.Ct. 629, 34 L.Ed.2d 647] (1973).
 
 
 61
 Supreme Court precedent precludes Broughton's interpretation. As the Supreme Court has repeatedly stated, repeals by implication are strongly disfavored. See Traynor v. Turnage, 485 U.S. 535, 547, 108 S.Ct. 1372, 1381, 99 L.Ed.2d 618 (1988) (Petitioners "must overcome the 'cardinal rule ... that repeals by implication are not favored.' " (citations omitted)); Morton v. Mancari, 417 U.S. 535, 549-51, 94 S.Ct. 2474, 2482-83, 41 L.Ed.2d 290 (1974). Application of this wise canon is even more appropriate in a case such as this where we would be permitting a general jurisdictional statute to override a more specific jurisdictional provision. See Traynor, 485 U.S. at 548, 108 S.Ct. at 1381. ("It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum ..." (Quoting Radzanower v. Touche Ross & Co., 426 U.S. 148, 153, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976))).
 
 
 62
 Indeed, Broughton's theory would additionally render meaningless section 15(b)(5) of the Gorge Act, which specifically gives jurisdiction to the Oregon and Washington district courts. Section 544m(b)(2) authorizes a civil action by a citizen to "compel compliance" with the Gorge Act, and under section 1331 all district courts have jurisdiction to entertain any civil action arising under "laws ... of the United States." Thus, any district court would have jurisdiction over a statutory claim founded upon the Gorge Act by virtue of section 1331, despite the language in section 544m(b)(5) giving jurisdiction specifically to the district courts of Washington and Oregon, inasmuch as the Gorge Act, similar to the Tucker Acts, does not state that jurisdiction in Oregon and Washington is exclusive. Such an interpretation that the Gorge Act's grant of jurisdiction is nonexclusive would clearly be unreasonable.
 
 
 63
 We reject Broughton's section 1331 argument, and conclude that Broughton may not rely on section 1331 to confer jurisdiction in Oregon district court over its claim for just compensation under the "takings" clause of the Fifth Amendment.
 
 CONCLUSION
 
 64
 Broughton cannot predicate jurisdiction in the federal district court of Oregon over its claim for just compensation under the "takings" clause of the Fifth Amendment on 28 U.S.C. Sec. 1331, the general federal question jurisdiction statute. As a result, jurisdiction in Oregon district court must be predicated on the specific statutory waiver of sovereign immunity found in the Gorge Act. Because a claim seeking an award of just compensation arising from the Secretary's implementation and application of the Interim Guidelines is not a "civil action to compel compliance" with the Gorge Act under 16 U.S.C. Sec. 544m(b)(2), the district court of Oregon is without jurisdiction to adjudicate Broughton's claim and transfer to the Claims Court pursuant to 28 U.S.C. Sec. 1631 was proper.
 
 
 65
 AFFIRMED.
 
 
 
 [1]
 See 33 U.S.C. Sec. 1365(a) (1988) (Federal Water Pollution Control Act); 42 U.S.C. Sec. 7604(a) (1988) (Clean Air Act)
 
 
 [2]
 Broughton recites a litany of cases in its brief supporting the contention that district court jurisdiction can be concurrent with that of the Claims Court. We agree with this principle, but note here that the primary cases cited by Broughton where concurrent jurisdiction was found involve suits brought under Sec. 702 of the Administrative Procedures Act, 5 U.S.C. Sec. 702, or involve statutes with language permitting a party to "sue and be sued" in district court. See Commonwealth of Massachusetts, 815 F.2d 778, vacated sub nom. Bowen v. Massachusetts, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (Sec. 702 of the APA); National Ass'n of Counties v. Baker, 842 F.2d 369 (D.C.Cir.1988), cert. denied, 488 U.S. 1005, 109 S.Ct. 784, 102 L.Ed.2d 775 (1989) (Sec. 702 of the APA); Falls Riverway Realty v. City of Niagara Falls, 754 F.2d 49 (2d Cir.1985) ("sue and be sued" clause in 42 U.S.C. Sec. 1456(c)); Munoz v. Small Business Admin., 644 F.2d 1361 (9th Cir.1981) ("sue and be sued" clause in 15 U.S.C. Sec. 634(b)(1)); Bor-Son Building Corp. v. Heller, 572 F.2d 174 (8th Cir.1978) ("sue and be sued" clause in 12 U.S.C. Sec. 1702). To the extent these cases support the principle that concurrent jurisdiction may exist in district court, they do not further provide any support for answering whether the Gorge Act waiver of sovereign immunity of section 544m(b) extends to a suit for an award of just compensation for an alleged "taking" of property. First, the Gorge Act waiver is more specific than and substantially different from a general provision that the Secretary may "sue and be sued" in district court, and is not necessarily coextensive with such clauses. See, e.g., Portsmouth Redevelopment, 706 F.2d at 475 (Court held that suit could not be maintained in district court, distinguishing a prior case where jurisdiction in district court was found under "sue and be sued" clause of 12 U.S.C. Sec. 1702 on grounds that 42 U.S.C. Sec. 1404a did not include language that permitted agency to "sue and be sued" in any court of competent jurisdiction similar to section 1702.)
 With respect to the cases relying on section 702 of the APA, the Supreme Court has indicated that a suit seeking a declaration that a statute is unconstitutional for contravention of the "takings" clause is maintainable in district court under 5 U.S.C. Sec. 702 and 28 U.S.C. Sec. 1331. See Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 71 n. 15, 98 S.Ct. 2620, 2629 n. 15, 57 L.Ed.2d 595 (1978). At oral argument, however, Broughton conceded that as a claim requesting just compensation for a "taking", its claim fell squarely within the specific monetary exclusion from district court jurisdiction in that statute. See 5 U.S.C. Sec. 702 ("An action in a court of the United States seeking relief other than money damages ...").
 
 
 [3]
 See 16 U.S.C. Sec. 544m(b)(2)(A) & n. 9 (1988)
 
 
 [4]
 Broughton also argues that section 554m(b)(2)(A) should be read to provide a waiver of sovereign immunity for any action taken by the Secretary under the Gorge Act whether or not there is alleged a violation. We disagree. While the language of the Gorge Act is not clear, and, indeed, appears defective in several respects, we conclude that it provides a single waiver of sovereign immunity where there is alleged a violation of the Act or its proper implementation by action of the Secretary. We cannot read (A) to cover review of the Secretary's actions that are not alleged to be violations
 
 
 [5]
 Section 544g is of no help to Broughton, since it applies only to Special Management Areas (SMA's), and all parties agree that Broughton's water rights are not located within an SMA
 
 
 [6]
 Broughton points to the Supreme Court decision in Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 64-67, 108 S.Ct. 376, 384-86, 98 L.Ed.2d 306 (1987), and argues that the district court of Oregon has jurisdiction over its suit because the complaint Broughton filed rests on good faith allegations that the Secretary violated the provisions of the Act. While Broughton correctly construes Gwaltney insofar as it claims that all that is necessary to establish jurisdiction when a statute couches the waiver of sovereign immunity in terms of "allegations" or similar language is good faith allegations, this case is of no help to Broughton here. As just concluded above, a claim seeking just compensation for a "taking" of property is not equatable with a "civil action to compel compliance" with the Gorge Act under section 544m(b)(2)