**Sammy GARRETT, Plaintiff-Appellant,**

v.

**STATE OF ILLINOIS,
Defendant-Appellee.**

No. 78–2568.

United States Court of Appeals,
Seventh Circuit.

Heard Sept. 27, 1979.
Decided Jan. 7, 1980.

---

to five years for the weapons conviction. The Illinois Supreme Court reversed the murder conviction in 1975. *People v. Garrett*, 62 Ill.2d 151, 339 N.E.2d 753 (1975). Appellant was released from custody after serving five years and seven months of his sentence.

In November 1976, appellant filed a complaint against the State of Illinois and various state officials alleging that his incarceration violated the just compensation clauses of the Illinois and United States Constitutions. Garrett alleged that

> his right and opportunity to work and earn income, his loss of reputation insofar as it relates to employment and/or business opportunities, [and] his loss of consortium and association with his wife, family and business associates

was property taken from him for which he should be compensated under the Fifth Amendment. Garrett also alleged that the Illinois statute governing wrongful imprisonment claims, Ill.Rev.Stat. ch. 37, § 439.8, was unconstitutional. Appellant sought monetary damages and declaratory relief.

The individual defendants were voluntarily dismissed from the suit, and the State of Illinois moved to dismiss the complaint for lack of jurisdiction. In an unpublished opinion, the district court granted the motion on the grounds that the Eleventh Amendment barred an action seeking money damages from the state. We affirm.

Our decision in *McDonald v. Illinois*, 557 F.2d 596 (7th Cir.), *cert. denied*, 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977), controls the disposition of this appeal. McDonald had served two years of a murder sentence when another man confessed to the crime. After his release from prison, McDonald sued the State of Illinois for damages, claiming his wrongful imprisonment violated his rights under the Fourteenth Amendment. Following the Supreme Court's decision in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d

Arthur J. O'Donnell, Chicago, Ill., for plaintiff-appellant.

Myra Turner, Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Circuit Judge, BAUER, Circuit Judge, and CAMPBELL, Senior District Judge.[*]

BAUER, Circuit Judge.

Appellant was convicted of murder and unlawful use of weapons in the Circuit Court of Cook County, Illinois in 1970. He was sentenced to concurrent terms of 20 to 40 years for the murder convictions and one

---

[*] The Hon. William J. Campbell, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

662 (1974), we held that the Eleventh Amendment barred the action unless the state had waived its immunity. In determining whether Illinois had consented to be sued, we examined the same act attacked here. The Illinois Court of Claims Act, Ill.Rev.Stat. ch. 37, § 439.8, waives sovereign immunity for wrongful imprisonment actions in limited circumstances and grants jurisdiction for such suits only in the Illinois Court of Claims. Since a state can limit the extent of its amenability to suit, *Petty v. Tennessee-Missouri Bridge Commission*, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959), we held that Illinois had not waived its sovereign immunity for proceedings in federal court. We accordingly affirmed the dismissal of McDonald's complaint.

Appellant argues that *McDonald* is not applicable because he sues for a deprivation protected directly by the Constitution. The Just Compensation Clause of the Fifth Amendment, he contends, should be applied through the Fourteenth Amendment to impose monetary liability upon a state without regard for the Eleventh Amendment.

 We reject appellant's contention. Even though the Fifth Amendment alone may support a cause of action for damages against the United States, *Jacobs v. United States*, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142 (1933), the Eleventh Amendment stands as an express bar to federal power when a similar action is brought against one of the states.[1] The Supreme Court has recently reaffirmed that state immunity from suits for money damages may only be set aside when it consents, *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978), or when Congress acts under section 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). *Fitzpatrick* held that

Congress may, in determining what is "appropriate legislation" for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts.

Congress has not provided for damage actions against the states to redress the wrongs complained of here.[2] Several cases cited by appellant rest on 42 U.S.C. § 1983, which was held in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), to apply to municipalities and other political subdivisions of the states. None of these cases concern the immunity of the state itself, which rests squarely on the Eleventh Amendment. Indeed, the Supreme Court decided only last term that Congress did not intend to wipe away the states' immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Since the State of Illinois has not conceded our power to consider the merits of appellant's claim, nor has the Congress acted, appellant's suit for money damages against the State of Illinois is barred by the Eleventh Amendment.

 Appellant also advances arguments addressed to the constitutionality of the Illinois Court of Claims Act. We follow another part of our decision in *McDonald* that only the Illinois courts can assess the constitutionality of its own statute in the first instance. *McDonald v. Illinois*, 557 F.2d 596, 601 (7th Cir. 1977). Accordingly, we will not address the constitutional challenges asserted by appellant.

The decision of the district court is

AFFIRMED.

---

1. While by its terms limited to suits commenced or prosecuted against a state by citizens of another state, the Eleventh Amendment has long been construed to prohibit suits for damages against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (and cases cited therein); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 309 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d (1979); *Cf. Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).

2. In saying this, we do not imply that plaintiff's claim is necessarily meritorious.