**Larry BOUNDS, Plaintiff,**

v.

**ILLINOIS PRISONER REVIEW BOARD, Defendant.**

**No. 81 C 6881.**

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1983.

Michael L. Brody, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Tyrone C. Fahner, Atty. Gen. of Ill., Steven F. Molo, Asst. Atty. Gen., Chicago, Ill., for defendant.

**MEMORANDUM OPINION AND ORDER**

SHADUR, District Judge.

Stateville Correctional Center prisoner Larry Bounds ("Bounds") filed this civil rights action to challenge denial of his parole by the Illinois Prisoner Review Board (the "Board"). Shortly after suit was filed, the Board ordered Bounds' release on parole. Nonetheless Bounds sought to retain his damage claim under 42 U.S.C. § 1983 ("Section 1983") and the Fourteenth Amendment.

This Court's July 28, 1982 decision ("Opinion I") dismissed Bounds' Second Amended Complaint (the "Complaint") with prejudice as to all defendants.[1] Bounds has now moved for reconsideration of Opinion I's dismissal of the Board. For the reasons stated in this memorandum opinion and order, Bounds's motion is denied.

Bounds has acknowledged controlling Supreme Court precedent, cited in Opinion I, makes Section 1983 unavailable to him because of the bar created by the Eleventh Amendment. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Quern v. Jordan,* 440 U.S. 332, 338–45, 99 S.Ct. 1139, 1143–47, 59 L.Ed.2d 358 (1979). But Bounds urges his constitutional tort claim, asserted directly under the Four-

---

1. During the briefing on defendants' motion to dismiss, our Court of Appeals had decided *United States ex rel. Powell v. Irving,* 684 F.2d 494 (7th Cir.1982). *Powell* held Board members entitled to absolute immunity from Section 1983 damage actions and, by implication, from any possible assertion of constitutional tort claims. As for the Board, Opinion I held Bounds's damage claims were barred by the Eleventh Amendment.

teenth Amendment,[2] cannot be inhibited by the *earlier* confirmation of state sovereign immunity represented by the Eleventh Amendment.

In support of that argument Bounds's appointed counsel has threaded his way skillfully through the minefield represented by the *Pugh-Quern* duo and *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Were this Court writing on a clean slate it might perhaps find persuasive the analysis in Bounds's throughtful memoranda.[3]

Neither party however has referred this Court to a directly controlling precedent emanating from our own Court of Appeals.[4] In *Garrett v. Illinois,* 612 F.2d 1038, 1040 (7th Cir.1980) that Court specifically rejected an effort to "sue[ ] for a deprivation protected directly by the Constitution."[5] It gave such a claim short shrift:

> [T]he Eleventh Amendment stands as an express bar to federal power when a similar action is brought against one of the states. The Supreme Court has recently reaffirmed that state immunity from suits for money damages may only be set aside when it consents, *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d

1114 (1978), or when Congress acts under section 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). *Fitzpatrick* held that

> Congress may, in determining what is "appropriate legislation" for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts.

Congress has not provided for damage actions against the states to redress the wrongs complained of here. Several cases cited by appellant rest on 42 U.S.C. § 1983, which was held in *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), to apply to municipalities and other political subdivisions of the states. None of these cases concern the immunity of the state itself, which rests squarely on the Eleventh Amendment. Indeed, the Supreme Court decided only last term that Congress did not intend to wipe away the states' immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

---

**2.** Bounds glosses over the absence of any Supreme Court authority confirming the availability of such a claim against the *state* (or indeed any state actor). Both *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and *Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–72, 64 L.Ed.2d 15 (1980) recognized *constitutional tort claims* against the *federal* government under appropriate circumstances. *Cf.* such cases as *Hostrop v. Board of Junior College District No. 515,* 523 F.2d 569, 576–77 (7th Cir.1975); *Owen v. City of Independence,* 560 F.2d 925, 932–34 (8th Cir.1977), *vacated and remanded,* 438 U.S. 902, 98 S.Ct. 3118, 57 L.Ed.2d 1145 (1978); *Turpin v. Mailet,* 579 F.2d 152 (2d Cir.) (en banc), *vacated and remanded sub nom. West Haven v. Turpin,* 439 U.S. 974, 99 S.Ct. 554, 58 L.Ed.2d 645 (1978), upholding *Bivens*-type actions against *municipalities* in the pre-*Monell* period (both *Owen* and *Turpin* were vacated and remanded for reconsideration in light of *Monell v. Dept. of Social Services of New York City,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). No post-*Monell* Court of Appeals decision has been found upholding a constitutional tort damages claim against a municipality *or* a state

or state agency. In light of the result reached in this opinion, this Court need not decide whether such a *Bivens*-type damages action could lie against a state instrumentality in any event.

**3.** Once again this Court is indebted to Michael L. Brody, Esq., counsel appointed to represent Bounds. If lawsuits were resolved solely on the basis of lawyering, Bounds would still be in court, for defendants' melange of counterarguments has really not met Bounds's contentions head-on—or even convincingly at an oblique angle.

**4.** For that this Court thanks its own law clerk, Richard Levy, who both found *Garrett* and then strove valiantly to generate an analysis that would escape it.

**5.** *Garrett's* claim too was asserted directly under the Fourteenth Amendment. He contended that Amendment gives the same protection against state action that the Fifth Amendment's Just Compensation Clause gives against the federal government.

Since the State of Illinois has not conceded our power to consider the merits of appellant's claim, nor has the Congress acted, appellant's suit for money damages against the State of Illinois is barred by the Eleventh Amendment.

Because this Court is of course bound by *Garrett,* it is not free to adopt the argument—however forcefully advanced—that there is a third exception to state immunity beyond the two acknowledged in *Garrett:* the assertedly self-enforcing provisions of section 1 of the Fourteenth Amendment (and not only congressional action implementing section 5). Accordingly reconsideration of Opinion I's dismissal of Bounds's claim against the Board is denied.