**Marvin R. SITTIG, Jr., Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF CORRECTIONS, Defendant.**

No. 85 C 06154.

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1985.

**1044**

Marvin R. Sittig, Jr., pro se.

Neil F. Hartigan, Atty. Gen., State of Illinois by M. Frances O'Malley, Asst. Atty. Gen., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Plaintiff, Marvin R. Sittig, a resident at the Dixon Correctional Center in Dixon, Illinois, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Named as defendants are the Illinois Department of Corrections, the Sheridan Correctional Center, the Dixon Correctional Center, and Illinois Department of Corrections Director Michael P. Lane. Plaintiff seeks damages and injunctive relief for his alleged failure to receive adequate protection from attacks by other inmates. He alleges two physical assaults. The first occurred at the Sheridan Correctional Center in May 1984 and the second in the Dixon Correctional Center in December 1984. Before the Court is defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the motion.

The Eleventh Amendment bars plaintiff's claim for damages against three of the parties he names as defendants in this action. *See Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Garrett v. Illinois*, 612 F.2d 1038, 1040 (7th Cir.), *cert. denied*, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). As agencies of the state, these entities are immune from suit because Illinois has not waived its sovereign immunity as to proceedings against it in federal court. Moreover, because state agencies are not persons within the meaning of the Civil Rights Act, the Court lacks jurisdiction over Sittig's claims against the Illinois Department of Corrections and two of its correctional facilities. *See Toledo, Peoria, & W.R. Co. v. Illinois*, 744 F.2d 1296, 1298–99 (7th Cir.1984).

Plaintiff's claim against the individual defendant Michael P. Lane is also deficient. To the extent he seeks relief against Lane in his official capacity as Director of the Illinois Department of Corrections, his claim is again barred by the Eleventh Amendment because an official capacity suit is, in essence, a suit against the entity of which the officer is an agent. *See Kentucky v. Graham*, —— U.S. ——, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Owen v. Lash*, 682 F.2d 648, 654 (7th Cir. 1982). To state a claim against Lane in his personal capacity, Sittig must allege facts to show that Lane caused a deprivation of constitutional rights alleged in the complaint. *See Graham*, 105 S.Ct. at 3106. Sittig's complaint, however, is wholly silent as to any conduct on the part of Lane. Instead, he attributes the alleged lapse of security to administrative officials at the two institutions where he has been incarcerated. Because these officials are not named as defendants in the complaint, we need not here address the adequacy of his allegations.

Accordingly, the Court grants defendant's motion to dismiss without prejudice to Sittig's right to file an amended complaint within 30 days. The amended complaint must name as defendants those personally involved in the alleged failure to provide Sittig with adequate security. In addition, the allegations of the amended complaint must link those defendants to the alleged attacks and explain how those defendants failed to take adequate steps to protect him from attack by other inmates. Plaintiff is directed to complete his complaint on the forms required by General Rule 47 of this Court and to present the clerk with sufficient copies to permit service on the defendants he names.