**Josephine GRABOW, Plaintiff,**

v.

**SOUTHERN STATE CORRECTIONAL FACILITY and Department of Corrections, Defendants.**

**Civ. A. No. 89–592(SSB).**

United States District Court,
D. New Jersey.

Oct. 16, 1989.

Christopher H. Riley, Jr., Millville, N.J., for plaintiff.

Carey Edwards, Atty. Gen. by Catherine M. Brown, Deputy Atty. Gen., Trenton, N.J., for defendants.

## OPINION

BROTMAN, District Judge.

Presently before the court is defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## I. FACTS AND PROCEDURE

Josephine Grabow, plaintiff, is employed by the New Jersey Department of Corrections as a senior corrections officer. Plaintiff filed a civil rights action under 42 U.S.C. § 1983 alleging that defendants discriminated against her in hiring and in failing to assign her to a post at Detention Number 2, Phase One, first shift.

Plaintiff's employment with the Department of Corrections began on December 7, 1981. The complaint alleges that plaintiff was "not hired according to rank on the [civil service roster] but on the basis of the male/female approved position list." Plaintiff further alleges that this discriminatory hiring practice violates Title VII of the Civil Rights Act of 1964.

The complaint further alleges a discriminatory refusal to assign plaintiff to Detention Number 2 occurred on or about June 28, 1984, and that the position was awarded to a male with less seniority. Plaintiff filed suit on February 14, 1989.

Defendant asserts the complaint fails to state a claim in that: (1) the defendants are not persons within the meaning of § 1983; (2) if the plaintiff's suit is treated as a Title VII claim it is deficient in its failure to exhaust administrative remedies; (3) the statute of limitations bars the suit; and (4) the eleventh amendment bars a suit against defendants.

## II. DISCUSSION

In *Monell v. Department of Social Services of New York City,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that local governments are "persons" within the meaning of 42

U.S.C. § 1983. In *Quern v. Jordan,* 440 U.S. 332, 338, 99 S.Ct. 1139, 1143–44, 59 L.Ed.2d 358 (1979) (citing *Monell,* 436 U.S. at 690 n. 54, 98 S.Ct. at 2035 n. 54), the Court made clear that *Monell* was limited to those local units that are not part of the state for eleventh amendment purposes. In *Will v. Michigan Department of State Police,* —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court made explicit what had been implicit in its earlier decisions, namely that a state is not a person within the meaning of § 1983.

■ In *Will,* although claiming that it did not consider the § 1983 and eleventh amendment inquiries to be synonymous, *see id.* 109 S.Ct. at 2309, the Supreme Court in effect adopted an eleventh amendment inquiry to determine whether a state official is a person within the meaning of § 1983. The Court concluded that "§ 1983 was [not] intended to disregard the well-established immunity of a State from being sued without its consent." *Id.* at 2310. Thus, to the extent that a defendant is entitled to eleventh amendment immunity, the defendant is not a person within the meaning of § 1983. *See id.* at 2311 & n. 10. Therefore, this court will turn to an eleventh amendment analysis.

■ *Pennhurst State School & Hospital v. Haldermen,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), held that the eleventh amendment bars a suit against a state in federal court. *Pennhurst* extended the immunity to those cases in which the "state is the real, substantial party in interest." *Id.* at 101, 104 S.Ct. at 908. In the instant case, the complaint does not name the individual officials who are responsible for the alleged policies. The complaint attacks the policies of the agencies themselves; thus the eleventh amendment issues are present. *See Kentucky v. Graham,* 473 U.S. 159, 166–67, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985).

As a threshold matter, the relief sought is also important to the court's eleventh amendment determination. "[I]mplementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the state." *Graham,* 473 U.S. at 167 n. 14, 105 S.Ct. at 3106 n. 14 (citing *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). *Accord Duckworth v. Franzen,* 780 F.2d 645, 649 (7th Cir.1985) (suit against director of state department of corrections in individual capacity not barred by eleventh amendment). Plaintiff's complaint seeks in part "an immediate promotion." Although this might be construed as a request for prospective injunctive relief, the complaint names no specific state official as a defendant. The court must therefore determine whether the defendant entities are so closely related to the state itself as to enjoy its sovereign immunity.

The Third Circuit has outlined nine factors to be considered in evaluating whether an entity is entitled to eleventh amendment immunity:

> [L]ocal law and decisions defining the status and nature of the agency involved in its relation to the sovereign are factors to be considered, but only one of a number that are of significance. Among the other factors, no one of which is conclusive, perhaps the most important is whether, in the event plaintiff prevails, the payment of the judgment will have to be made out of the state treasury; significant here also is whether the agency has the funds or the power to satisfy the judgment.
>
> Other relevant factors are whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; the degree of autonomy over its operations; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from taxation, and whether the sovereign has immunized itself from responsibility for the agency's operations.

*Kovats v. Rutgers,* 822 F.2d 1303, 1307 (3d Cir.1987) (quoting *Urbano v. Board of Managers of the New Jersey State Prison,* 415 F.2d 247, 250–51 (3d Cir.1969), *cert. denied,* 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 129 (1970)). Applying these

factors, the court finds that the defendants are part of the State of New Jersey for purposes of the eleventh amendment.

The defendants are, as a matter of state law, branches of the Executive Branch of the State Government of New Jersey. N.J. Stat.Ann. § 30:1B–2. The funds for any judgment against defendants would come from appropriations paid into the state treasury. *Id.* at §§ 30:2–1, 30:2–2. The Department of Corrections Act of 1976, N.J.Stat.Ann. § 30:1B–1 *et seq.,* makes clear that there is relatively little autonomy for the prison system. The Commissioner has virtually absolute authority over the prison system, but he is appointed with the advice and consent of the Senate, and serves at the pleasure of the Governor. *Cf. Kovats,* 822 F.2d at 1311 (governor appoints only half of trustees responsible for governing university). Therefore, the defendants are part of the state for purposes of the eleventh amendment. Accordingly, defendants are not "persons" within the meaning of § 1983.

At this juncture, this court has concluded that defendants are immune under the eleventh amendment, and therefore not persons within the meaning of § 1983. Rather than dismiss the complaint under Fed.R. 12(b)(6) for failure to state a claim, the court must find that it lacks subject-matter jurisdiction and that dismissal under Fed.R. Civ.P. 12(b)(1) is appropriate. Having found that the defendants are entitled to immunity under the eleventh amendment, this "court lacks discretion to consider the merits of a case over which it is without jurisdiction...." *Firestone Tire & Rubber v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981).

Because the court finds it has no jurisdiction under the eleventh amendment, it is unnecessary to address the other issues raised by defendants or to address the other possible claims raised in the complaint or that an amended complaint might raise.

## III. CONCLUSION

For the foregoing reasons, the court will dismiss without prejudice the complaint for lack of subject matter jurisdiction under the eleventh amendment. Fed.R.Civ.P. 12(b)(1).