Josue AUGUSTE

v.

**DEPARTMENT OF CORRECTIONS, et al.[1]**

**No. 3:03CV2052(SRU)WIG.**

United States District Court, D. Connecticut.

March 23, 2006.

1. The other defendants in this action are: Warden Strange, School Principal Ellis and Correctional Officer Cavanaugh.

Josue Auguste, Somers, CT, Pro se.

Matthew B. Beizer, Attorney General's Office, Hartford, CT, for Department of Corrections, et al.

*RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

UNDERHILL, District Judge.

Josue Auguste filed this civil rights action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. He alleges that the defendants denied him access to courts in connection with his federal habeas corpus petition. Pending is the defendants' motion for summary judgment. For the reasons that follow, the motion for summary judgment is granted.

I. *Facts*[2]

Between August 2002 and November 2003, Auguste was incarcerated at the Osborn Correctional Institution ("Osborn"). On October 29, 2002, Auguste filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his continued detention under the Immigration and Nationality Act ("I.N.A.") was unconstitutional, he was the subject of an illegal detention warrant due to mistaken identity and he was a United States citizen based on derivative citizenship. (*See Auguste v. Strange, et al.,* No. 3:02cv1922 (RNC).) On January 10, 2003, the court dismissed without prejudice the claims in the petition that were the subject of the petitioner's removal proceeding before the Board of Immigration Appeals because they had not been fully exhausted. (*See id.,* Doc. # 13.) The court concluded that it has jurisdiction over the petitioner's claim that his current confinement pursuant to I.N.A. § 236(c) was unconstitutional, but reserved judgment on that claim until the Supreme Court ruled on the issue in another case. (*See id.*) In May 2003, Auguste filed an amended petition for writ of habeas corpus claiming that he had derivative citizenship, his underlying convictions were not aggravated felonies within the meaning of 8 U.S.C. § 1101(a)(43), and his detention was illegal. (*See id.,* Doc. # 14.) On July 23, 2003, the court denied Auguste's claim of illegal detention, transferred the claim that Auguste had derivative citizenship and the claim that his underlying convictions were not aggravated felonies to the Court of Appeals for the Second Circuit, and ordered that the stay of removal remain in effect. (*See id.,* Doc. # 21.)

The portion of the habeas petition transferred to the Second Circuit remained pending until November 4, 2005, when the Clerk issued an order granting the parties' motions for remand and remanding the case back to the District Court for an evidentiary hearing. (*See id.,* Doc. # 27.) On December 30, 2005, a deputy clerk of this court reopened the petitioner's habeas petition. On January 23, 2006, the court appointed counsel to represent the petitioner. (*See id.,* Doc. # 28.)

Pursuant to the law library schedule for Osborn Correctional Institution during 2002 and 2003, Auguste was permitted to visit the library every other day for ap-

---

**2.** The facts are taken from defendants' Local Rule 56(a)1 Statement [doc. # 14–2] and the Affidavit of Darrell Harrison. The defendants filed their motion for summary judgment on July 19, 2005. On July 25, 2005, the court provided Auguste with notice of his obligation to respond to the motion and of the contents of a proper response. On February 2, 2006, the court denied plaintiff's motion to stay this action and directed Auguste to file his response to the motion for summary judgment on or before February 28, 2006. On March 8, 2006, Auguste filed a memorandum with attached exhibits in response to the motion, but did not file a Local Rule 56(a)2 Statement. Because Auguste has not submitted a Local Rule 56(a)2 Statement, defendants' facts are deemed admitted. *See* D. Conn. L.R. Civ. P. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

proximately one hour. Any inmate could request additional time in the library. All requests for additional library time were to be directed to Harrison, the Librarian at Osborn Correctional Institution. From August 26, 2002 to December 5, 2003, Harrison granted Auguste additional library time on approximately sixty-three occasions.

Steven Ellis was the school principal at Osborn in 2002 and 2003. From October 2002 to May 2003, he responded to plaintiff's various requests concerning information contained in the library at Osborn. Auguste alleges that on June 14, 2003, Officer Cavanaugh would not honor his pass to go to the library. Auguste claims that Officer Cavanaugh refused to permit him to visit the library in an attempt to deny him access to the courts. Auguste alleges that Warden Strange should have intervened to enable Auguste to spend more time in the library.

## II. *Standard of Review*

On a motion for summary judgment, the moving party bears the burden to establish that there are no genuine issues of material fact in dispute and that it is entitled to a judgment as a matter of law. *See* Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *White v. ABCO Engineering Corp.,* 221 F.3d 293, 300 (2d Cir.2000). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact ....' " *Miner v. Glens Falls,* 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch.*

*Dist.,* 963 F.2d 520, 523 (2d Cir.) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505), *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. The nonmoving party must present "significant probative evidence to create a genuine issue of material fact." *Soto v. Meachum,* Civ. No. B–90–270 (WWE), 1991 WL 218481, at *6 (D.Conn. Aug. 28, 1991). A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich,* 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. *See*

*Securities & Exchange Comm'n v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995). *See also Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). Despite such liberal interpretation, a "bald assertion" unsupported by evidence cannot overcome a properly supported motion for summary judgment. *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991).

### III. *Discussion*

The defendants raise four grounds in support of their motion for summary judgment: (1) the Eleventh Amendment bars any claims for monetary damages against them in their official capacities; (2) the Department of Correction is not a person subject to liability under section 1983; (3) the claims of denial of access to courts fail to state a claim upon which relief may be granted; and (4) Auguste has failed to allege the personal involvement of defendants Strange, Ellis and Cavanaugh in the alleged denial of access to courts.

### A. *Claims Barred By Eleventh Amendment*

Auguste names the defendants in their individual and official capacities. The defendants contend that the Eleventh Amendment bars a damage award against the defendants in their official capacities.

Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. *See Florida Dep't of State v. Treasure Salvors,* 458 U.S. 670, 684, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. *See Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The Eleventh Amendment immunity that protects the state from suits for monetary relief also protects state officials sued for damages in their official capacities. *See Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 n. 11, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Auguste's claims for monetary damages against the defendants in their official capacities are barred by the Eleventh Amendment. Defendants' motion for summary judgment is granted with respect to all claims for damages against the defendants in their official capacities.

### B. *Department of Correction is Not a Person*

Auguste has named the Department of Correction as a defendant in this action. The defendants argue that the Department of Correction is not a person subject to liability under section 1983. In order to state a claim for relief under section 1983 of the Civil Rights Act, Auguste must satisfy a two-part test. First, he must allege facts demonstrating that the defendants are persons acting under color of state law. Second, he must allege facts demonstrat-

ing that he has been deprived of a constitutionally or federally protected right by the defendants. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir.1986).

A Department of Correction is not a "person" under section 1983. *See Santiago v. New York State Dep't of Correctional Servs.*, 725 F.Supp. 780, 783–84 (S.D.N.Y. 1989), *rev'd on other grounds*, 945 F.2d 25 (2d Cir.1991), *cert. denied*, 502 U.S. 1094, 112 S.Ct. 1168, 117 L.Ed.2d 414 (1992) (holding that state and state agencies are not persons under § 1983); *Grabow v. Southern State Corr. Facility*, 726 F.Supp. 537, 538–39 (D.N.J.1989) (holding that state correctional facility and Department of Correction as parts of state government protected from suit under the Eleventh Amendment were not "persons" for purposes of § 1983); *Richards v. New York Dep't of Corr. Servs.*, 572 F.Supp. 1168, 1172 (S.D.N.Y.1983) (holding that Department of Correctional Services was an agency of the state and consequently was not a "person" subject to suit under §§ 1981, 1983, 1985); *Sittig v. Illinois Dep't of Corr.*, 617 F.Supp. 1043 (N.D.Ill. 1985) (holding that Illinois Department of Correction and two of its facilities were not "persons" within the meaning of § 1983). Auguste has failed to meet his burden of demonstrating that there is a genuine issue of material fact whether the Department of Correction is a person for purposes of section 1983. Accordingly, the motion for summary judgment is granted with respect to all claims against the Department of Correction.

## C. *Failure to State a Claim of Denial of Access to Courts*

The defendants argue that Auguste has not demonstrated that he suffered an injury in connection with his federal habeas petition due to the defendants' alleged failure to permit him sufficient access the law library at Osborn from October 2002 to November 2003. Auguste has responded to that argument by raising claims concerning his proceeding before the Immigration and Naturalization Service. Those are new claims that are not raised in the complaint. The complaint concerns claims of denial of access to Auguste's federal habeas petition. Auguste cannot amend his complaint in his memorandum in response to defendants' motion for summary judgment. *See Natale v. Town of Darien*, No. CIV. 3:97CV583 (AHN), 1998 WL 91073, at *4 n. 2 (D.Conn. Feb. 26, 1998) (holding plaintiff may not amend complaint in memorandum of law) (citing *Daury v. Smith*, 842 F.2d 9, 15–16 (1st Cir.1988)); *Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.*, 723 F.Supp. 976, 987 (S.D.N.Y.1989) (same). Thus, I will not consider the claims concerning plaintiff's Immigration and Naturalization Service proceeding.[3]

---

**3.** Even if Auguste could amend his complaint to add those claims, Auguste has not presented facts from which a reasonably jury could find that the defendants denied him access to courts in connection with the Immigration proceeding. The documents submitted by Auguste in support of his memorandum demonstrate that Harrison investigated his claims that he needed additional time in the library to pursue his immigration matter and the alleged appeal of the matter filed by the immigration authorities. Harrison accurately noted that Auguste did not have a court date and

that no appeal had been filed in the proceeding as of October 21, 2002. As of October 15, 2002, when Harrison checked with the Immigration Court, no hearing had been scheduled in plaintiff's Immigration proceeding. Not until October 23, 2002, did the Immigration Court schedule a hearing for October 30, 2002. The notice of hearing also informed Auguste that he could appear at the hearing with an attorney and provided him with information on finding an attorney. Furthermore,

█ It is well established that inmates have a constitutionally protected right of access to the courts. *Smith v. Armstrong,* 968 F.Supp. 40, 46 (D.Conn. 1996) (citing *Bounds v. Smith,* 430 U.S. 817, 822–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). In *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. First, the Court held that, to show a violation of his right of access to the courts, an inmate must allege an actual injury. *Id.* at 349, 116 S.Ct. 2174. Thus, an inmate cannot simply allege that the prison law library or legal assistance program is inadequate. He must show that the alleged deficiencies in the law library or legal assistance program interfered with his attempts to initiate a legal action. *Id.* at 354, 116 S.Ct. 2174. The fact that an inmate may not be able to litigate effectively once his claim is brought before the court, is insufficient to demonstrate actual injury. *Id.* at 355, 116 S.Ct. 2174. Rather, the inmate must show that he was unable to file the initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim. *Id.* at 351, 116 S.Ct. 2174. In addition, the Court observed that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354, 116 S.Ct. 2174.

█ Inmates must be afforded access to court to file a direct appeal, a petition for writ of habeas corpus or a civil rights action challenging the denial of a basic constitutional right. The inability to file or prosecute actions other than direct or collateral attacks on their sentences or a challenge to their conditions of confinement "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355, 116 S.Ct. 2174.

Auguste alleges that the defendants refused to permit him to spend enough hours in the prison library at Osborn from October 2002 to November 2003. He alleges that he filed a habeas petition in this District in October 2002, challenging a ruling and order issued by the Immigration and Naturalization Service and that he was unable to properly litigate the matter due to his lack of access to the library.

The defendants have submitted evidence demonstrating that in 2002 and 2003 Auguste was permitted to visit the library every other day for approximately one hour. In addition, any inmate could submit a request for additional time in the library to Harrison, the Librarian at Osborn Correctional Institution. From August 26, 2002 to December 5, 2003, Harrison granted Auguste additional library time on approximately sixty-three occasions. Auguste has submitted no evidence to contradict these figures. Instead, he simply states in his unsworn memorandum in opposition to the motion for summary judgment that he was not permitted to spend additional time in the library in 2002 and 2003. Thus, Auguste claims that the dates that Harrison submitted were dates on which Auguste was permitted to spend additional time in the library were inaccurate. A party cannot create a genuine issue of material fact by presenting unsupported, contradictory statements. *See Securities & Exchange Comm'n,* 585 F.2d at 33.

Furthermore, the docket sheet and documents from Auguste's habeas petition, *Auguste v. Strange, et al.,* No. 3:02cv1922 (RNC), reflect that, from October 2002

---

Auguste concedes that he went to the library on October 25, 2002, before the hearing.

until the end of July 2003, Auguste filed two motions for appointment of counsel, one motion for order, a memorandum in support of the motion for order, two motions for writs of habeas corpus which the court construed as amended habeas petitions, objections to the respondent's response to his habeas petition and response to the amended habeas petition. At the end of July 2003, the court transferred part of plaintiff's amended petition to the Court of Appeals for the Second Circuit. The matter remained at the Second Circuit until December 2005, when the Clerk remanded the case to the District Court for an evidentiary hearing. Thus, Auguste's petition for writ of habeas corpus remains pending.

The court concludes that Auguste has failed to meet his burden of demonstrating that he suffered an injury as a result of alleged failure of the defendants to provide him with sufficient time in the law library at Osborn to enable him to properly litigate his habeas petition. Accordingly, the motion for summary judgment is granted with respect to the claim of denial of access to the courts.

#### D. *Remaining Claim*

Auguste's complaint includes a claim that unidentified prison officials subjected him to harassment and retaliation for exercising his rights. He claims that in August 2003 unidentified individuals confiscated his radio and headphones. He does not allege that any of the defendants took his radio or headphones. Accordingly, Auguste has failed to state a claim against the defendants for a violation of a constitutionally or federally protected right. The motion for summary judgment is granted with respect to the claim of harassment and confiscation of his personal property.

#### IV. *Conclusion*

The Motion for Summary Judgment [**Doc. # 14**] is **GRANTED**. The Clerk is directed to enter judgment for the defendants and close this case.