**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1738-18T3

MIQUEL MARTINEZ,

     Plaintiff-Appellant,

v.

SOUTH WOODS STATE PRISON
and STATE OF NEW JERSEY
DEPARTMENT OF CORRECTIONS,

     Defendants-Respondents.

_____

Argued November 7, 2019 – Decided November 19, 2019

Before Judges Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0189-15.

Anthony Granato argued the cause for appellant (Jarve Kaplan Granato Starr, LLC, attorneys; Anthony Granato, on the brief).

Matthew J. Lynch, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; Marvin L. Freeman, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff appeals from a partial grant of summary judgment ordered on October 26, 2018, as well as the grant of a directed verdict on December 4, 2018. We affirm substantially for the reasons set forth in the well-reasoned Memorandum of Decision by Judge James R. Swift.

In March 2013, plaintiff was incarcerated at South Woods State Prison. He reported to medical staff that he was experiencing severe stomach pain and periods of vomiting. He claims his condition persisted through May 2013. Eventually, plaintiff was diagnosed with pancreatitis and compartment syndrome and required surgical intervention. He maintained that if his medical concerns had been taken seriously when they were first reported, major surgery could have been avoided.

In March 2015, plaintiff instituted suit against defendants under the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-2, alleging defendants failed to provide him with adequate medical care and were deliberately indifferent to his medical condition. In Count One of his complaint, plaintiff alleged defendants violated the NJCRA and in Count Two, he claimed vicarious liability and respondeat superior under the NJCRA.

A-1738-18T3

In September 2015, defendants filed an answer to the complaint and asserted they were immune from suit and that the theory of respondeat superior cannot be utilized in § 1983 actions. 42 U.S.C. § 1983. It was not until September 2018 that defendants moved for summary judgment. At that time, defendants argued they were not "persons" subject to suit under the NJCRA. Defendants further asserted plaintiff's claims were based on respondeat superior, an impermissible theory of liability under § 1983 and the NJCRA.

On October 26, 2018, Judge Jean S. Chetney partially granted defendants' motion and dismissed Count Two of plaintiff's complaint. Count One was not dismissed as Judge Chetney concluded genuine issues of material fact in dispute existed regarding defendants' policies and procedures that could permit a rational factfinder to find liability. In December 2018, trial began before Judge Swift. On December 5, 2018, Judge Swift granted defendants' motion for a directed verdict and dismissed the complaint, triggering the instant appeal.

Plaintiff asserts the trial judges erred by granting partial summary judgment and ultimately granting defendants' motion for a directed verdict. We disagree.

The standard of review on a summary judgment or a directed verdict ruling is the same. That is to say, when reviewing the grant of summary judgment or

a directed verdict, we do so de novo. Like the trial court, we must determine whether a genuine issue of fact exists on a motion for summary judgment, and engage in a weighing process to decide whether "competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged dispute in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Similarly, on a motion for a directed verdict we look to see if "the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor." R. 4:37-2.

The NJCRA provides a cause of action to any person who has been deprived of any rights under either the federal or state constitution by a "person" acting under color of law. N.J.S.A. 10:6-2(c). The NJCRA is modeled after the Federal Civil Rights Act, 42 U.S.C. § 1983. Brown v. State, 442 N.J. Super. 406, 425 (App. Div. 2015) (quoting Tumpson v. Farina, 218 N.J. 450, 474 (2014)), rev'd on other grounds, 230 N.J. 84 (2017). Plaintiff argues that defendants, as state actors, are "persons" under the NJCRA. He is mistaken.

As Judge Swift observed, "New Jersey courts 'have long recognized that an essential and fundamental aspect of sovereignty is freedom from suit by private citizens for money judgments absent the State's consent.'" (quoting

4

<u>Allen v. Fauver</u>, 167 N.J. 69, 73-74 (2001)). The Legislature has expressly waived immunity for state actors under other statutes, but did not choose to do so in the NJCRA. <u>See</u> N.J.S.A. 10:5-1 to -49 and N.J.S.A. 34:19-1 to -8. As Judge Swift remarked, that is not surprising in a statute modelled after its federal counterpart, 42 U.S.C. § 1983.

In considering § 1983, the Supreme Court of the United States has determined that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989). This holding extends to "governmental entities that are considered 'arms of the state'" <u>Id.</u> at 70 (citing <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 280 (1977)).

The New Jersey legislature chose not to include an express waiver of sovereign immunity in the NJCRA. Similarly, New Jersey enjoys immunity under § 1983. Accordingly, defendants are immune from suit under the NJCRA. <u>See</u> <u>Didiano v. Balicki</u>, 488 F. App'x 634, 638 (3d Cir. 2012).

Plaintiff points to a statement by Governor James E. McGreevey as proof that the NJCRA was intended to allow suit against state actors. In a September 10, 2004 news release, the governor said "[the NJCRA] gives us an additional, robust tool for appropriate legal redress when our constitutionally protected

rights are indeed violated, either by <u>governmental</u> or private actors." Governor's Statement Upon Signing Assembly Bill 2073 (Sept. 10, 2004). Although such a statement is not binding on the courts, we would be remiss if we did not note the balance of this same statement by the governor confirmed the NJCRA "does not create any new substantive rights, override existing statutes of limitations, waive immunities or alter jurisdictional or procedural requirements . . . that are otherwise applicable to the assertion of constitutional and statutory rights." <u>Ibid.</u>

Although the NJCRA does not define who or what is considered a "person," we find guidance under N.J.S.A. 1:1-2 and case law for how "persons" are defined. In the absence of a contrary statutory definition, N.J.S.A. 1:1-2 compels the court to define a "person" to include:

> corporations, companies, associations, societies, firms, partnerships and joint stock companies as well as individuals . . . and, <u>when used to designate the owner of property which may be the subject of an offense, ["person"] includes this State</u>, the United States as defined infra and any foreign country or government lawfully owning or possessing property within the State.
>
> [<u>Ibid.</u> (emphasis added).]

In other words, the definition of the word "person" under N.J.S.A. 1:1-2 includes the State of New Jersey only in the event of a property dispute, which is not the case here.

A-1738-18T3

Additionally, as we already have indicated, the <u>Will</u> Court confirmed that § 1983 did not create a cause of action against a state, because a state is not a person. 491 U.S. at 70-71. The same conclusion is mandated under the analogous NJCRA. <u>See</u> <u>Brown</u>, 442 N.J. Super. at 426 (wherein the court reasoned the Legislature did not choose to include an express waiver of sovereign immunity in the NJCRA and the state enjoys immunity under the analogous § 1983, so the state is immune from suit for damages under the NJCRA); <u>see</u> <u>also</u> <u>Grabow v. S. State Corr. Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989). As the <u>Didiano</u> court noted, "[t]he federal courts are in accord." <u>Didiano</u>, 488 F. App'x at 638.

Plaintiff's remaining arguments are without merit. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1738-18T3